## VOLMER VS. WHARTON.

1. LANDLORD's LIEN : *Not lost by sale of crop to purchaser with notice.*

A landlord's lien on cotton for rent is not affected by the sale of the cotton by the tenant to a purchaser with notice, nor by his furnishing to the tenant bagging and ties for, and paying freight on it to market; nor is the lien waived by the landlord's accepting, in part payment of the rent, part of the money paid by the purchaser for the cotton, although he knew, at the time of accepting it, that it was a part of that money; unless he was party to the transaction between the tenant and purchaser, or consented to the sale.

APPEAL from *Pulaski* Circuit Court.

Hon. J. W. MARTIN, Circuit Judge.

*Cohn,* for appellants.

*Oliphint, contra.*

HARRISON, J. Charlotte Wharton brought suit against Lucius Martin, before a justice of the peace, by attachment, to enforce a landlord's lien for rent, in which eight bales of cotton were attached. Reichardt & Eicholz claimed, and interpleaded for, two of the bales, and L. Volmer for the other six.

Upon the trial of Volmer's interplea, the cotton was found by the justice not subject to the plaintiff's lien, and she appealed to the circuit court.

The circuit court, which tried the case without a jury, found the cotton subject to the lien, and rendered judgment for the plaintiff.

Volmer moved for a new trial; his motion was overruled; and he appealed to this court.

The proof was : The cotton was raised by the defendant, Martin, in 1878, on land which he rented that year

Volmer vs. Wharton.

from the plaintiff, and the rent became due on the first of November, 1878. Volmer bought the cotton from Martin, with knowledge of plaintiff's lien. Martin paid $100 of the money received from Volmer for the cotton to the plaintiff, who, when she received it, knew that it had been paid him by Volmer in the purchase of the cotton. Martin, when he sold the cotton to Volmer, was owing him $108 for bagging and ties, and for freight paid upon the cotton to Little Rock.

The suit was commenced on the twenty-eighth day of December, 1878.

The grounds of the motion for a new trial were: That the court erred in declaring the law, and that its finding was contrary to law and evidence.

The declaration by the court complained of by the appellant was: That the plaintiff's lien upon the cotton was not affected by Volmer's purchase of it with notice; nor by his claim against Martin for bagging and ties for, and freight upon, it to Little Rock.

The declaration was correct. *Gantt's Digest, secs. 4098, 4103.*

Volmer, manifestly, had no lien upon the cotton.

Appellant insists that appellee, by receiving a part of the price of the cotton, waived her lien upon it, and was estopped from asserting it. This would be true had she been a party to the transaction between Martin and Volmer. But there was no evidence that she consented to the sale of the cotton to Volmer; and her agent, to whom the money was paid, swore that he was not present when the cotton was sold.

It was the plaintiff's right and *duty* to accept the $100 when tendered her by Martin. It was so much towards the

satisfaction of her demand against him; and to that extent, extinguishing the lien, a benefit to Volmer.

There was no error in the finding and judgment of the court.

Affirmed.