<div style="margin-left:2em">LIQUORS:<br>Sale to<br>minor.</div>

PER CURIAM. As between a seller and an agent who deals with him without disclosing the fact that he acts as agent, the latter, as well as the principal, is the purchaser.

A liquor seller who contracts with a minor may, therefore, be convicted of selling liquor to a minor, notwithstanding the fact may subsequently be disclosed that the minor acted as agent for his parent. *Gillen v. State, 47 Ark., 555; Foster v. State, 45 Ark., 365; Ritcher v. State, 63 Miss., 304; Ross v. People, 24 Hun., 591; People v. Garrett, 36 N. W. Rep., 234; Com. v. McGuire, 11 Gray, 460.*

Affirmed.

---

## DICKINSON v. HARRIS.

1. LANDLORD'S LIEN: *Assignment of rent note.*

   Where a landlord after assigning a rent note as collateral security for a debt redeems it, his lien on the tenant's crop which was suspended by the assignment is revived ; and his right to enforce the lien will not be defeated by a sale of the crop made before the redemption of the note, if the purchaser buys with notice· that the rent remains unpaid.

2. SAME: *Liability of tenant's vendee: Practice on bill to enforce lien.*

   In such case the vendee of the tenant having disposed of the crop and made a payment on the note before it was redeemed, he will be liable to the landlord on account of the proceeds of the crop, and the landlord will be entitled to recover of him the amount of such proceeds, less the sum paid on the note, if that amount be due on the rent. And where the note was given in part for the use of horses and farming implements, it will be proper on a bill to enforce the landlord's lien, to refer the cause to a master for the purpose of ascertaining· what proportion of the note was given for rent and the balance due thereon.

Dickinson v. Harris.

APPEAL from *Drew* Circuit Court, in chancery.

*Carroll D. Wood*, Judge.

*U. M. & G. B. Rose*, for appellants.

1. The lien of a landlord is superior to a mortgage. *25 Ark.*, *509 ; 33 id.*, *737 ; 35 id.*, *225 ; 36 id.*, *525 ; 45 id.*, *447.*

2. Where a rent note, after being assigned as collateral security, is reassigned to the landlord, the lien revives. *39 Ark.*, *344 ; 29 id.*, *218 ; id.*, *443 ; 30 id.*, *155 ; 31 id.*, *142 ; ib.*, *250 ; 33 id.*, *80.*

*Wells & Williamson*, for appellees.

1. Appellees had no notice of the landlord's lien at the time of purchase. *31 Ark.*, *131.*

2. On the day of the purchase the rent note was the property of T. H. Allen, by assignment, *who certainly had no lien.. 39 Ark.*, *344.*

3. The note was never reassigned so as to revive the lien, so as to relate back to the time of appellee's purchase. *2 Ark.*, *4 ; 15 id.*, *372.*

4. The Chancellor being unable to determine how much of the note was for rent of land, properly refused to declare any part of it a lien as against third persons without notice of the amount due.

*W. S. McCain*, for appellees.

Appellants did not own the note at the time of the purchase by appellees of the cotton, and neither they nor Allen & Co., the assignees, had any lien on the cotton. *31 Ark.*, *597 ; 36 id.*,.*561 ; 39 id.*, *344.*

BATTLE, J. On the 14th day of March, 1884, T. W. Hemingway rented a farm from J. W. Dickinson, and executed to him a promissory note, and thereby promised to pay him, on the 15th of November, 1884, the sum of $500 for the rent of the farm, and for the use of four horses and mules and plows and gear on the place. Hemingway raised a crop of cotton on the farm during the time for which he rented it. Dickinson

assigned the note to Thos. H. Allen & Co., as collateral security for a debt he owed them. Afterwards and before he redeemed it Hemingway sold eight bales of his cotton crop to Harris & Cotham, who, at the time of their purchase, had notice that the note Hemingway had given for rent was unpaid. Afterwards Dickinson redeemed the note. Did Harris & Cotham acquire the eight bales of cotton free from and unencumbered by Dickinson's lien for rent?

**1. LAND-LORD'S LIEN: Assign-ment of rent note.** It has been held by this court that the law gives to the land-owner a lien on the crop of the tenant for rent for his personal benefit, and that it does not pass to the assignee of the note for rent; and that when the note of a tenant is assigned to a creditor of the landlord, to be held as collateral security for a debt, and the landlord thereafter redeems the note, and the same is redelivered by the creditor to him, the debt for rent and the right to enforce satisfaction thereof out of the crop of the tenant, reunited in the landlord. *Roberts v. Jacks, 31 Ark., 597; Bernays v. Field, 29 Ark., 218 ; Varner v. Rice, 39 Ark., 344.*

The effect of the assignment of the note as a collateral security for a debt is not to divest the landlord of all interest and property in the note. He still has an interest in the note, and, as an incident to this interest, a lien on the crop of the tenant, subject to be enforced when the note is redeemed. The lien and the right to enforce it remain dormant or suspended until the debt is redeemed, when both reunite in the landlord. The lien being still alive while the note for rent is held as a collateral security, the purchase of the crop of the tenant, or any part of it, by third parties, with notice that the note remains unpaid, will not defeat the right to enforce it against the crop purchased, or the proceeds of the sale thereof, when the landlord regains the possession of it and the right to hold, control and use it, as his own unencumbered property.

**2. SAME: Liability of tenant's vendee.** Harris & Cotham are liable to Dickinson on account of the eight bales of cotton, the same having been disposed of by them. One hundred dollars were paid by them on the note·

The proceeds of the eight bales of cotton amount to $301.79. Dickinson is entitled to recover of them the $301.79, less the $100 paid on the note, if there be so much due him for rent, and if not, so much of the rent as remains unpaid. But it does not appear from the evidence how much of the note was given for rent. It is evident, however, that a part of the rent still remains unpaid; how much the evidence does not disclose.

The decree of the court below is, therefore, reversed, and Practice.. this cause is remanded, with instructions to the court to ascertain, through a master appointed for that purpose, what proportion of the note was given for rent of land, and the amount due on such proportion, and to render judgment against Harris & Cotham according to this opinion, and for other proceedings.