IUNTER *v.* MATTHEWS.

Opinion delivered January 27, 1899.

LANDLORD AND TENANT—LIEN—INNOCENT PURCHASER.—The statutory lien of a landlord for rent and supplies furnished is not enforceable against one who purchased the crop from the tenant in good faith and without notice of the landlord's claim. (Page 364.)

Appeal from Craighead Chancery Court, Western district.

EDWARD D. ROBERTSON, Chancellor.

*Block & Sullivan,* for appellant.

The lien prevails over the right of a *bona fide* purchaser. The statute gives it precedence over any "conveyance." Sand. & H. Dig., § 4795. For meaning of "conveyance," see: 1 Abb. Dict. 284; And. Law Dict. 254; *id.* 285; Webst. Dict.; 54 Ark. 346. The reference in the statute is to a purchaser of the product or an assignee of the receipt for the same when in storage. Suth. Stat. Const. § 260. No intention to waive the lien is to be presumed from the mere consent of the landlord to the removal of the property. 1 Jones, Liens, § 579; 74 Ala. 435.

*Allen Hughes,* for appellee.

The lien for rent does not prevail against an innocent purchaser. 31 Ark. 131; 52 Ark. 158; 60 Ark. 357; 1 Jones, Liens, § 578. Sandels & Hill's Digest, section 4804, makes the writ of attachment leviable upon "the crop in the possession of the tenant * * * * or in the possession of a *purchaser from him with notice of the lien of the landlord.*" This implies that the writ cannot be levied against others—*expressio unius est exclusio alterius.* Cf. 20 Ark. 410; 38 Ark. 205; 45 Ark. 524. The words "other conveyance," as used in the statute creating the lien, are limited in meaning by the special words preceding, so as to really mean "other *life* conveyance." End. Int. Stat. § 405 *et seq.*; 95 U. S. 704, 708; 17 Am. &

Eng. Enc. Law, 279; 7 N. W. 216; 7 N. E. 888; 2 Am. St. Rep. 373; 71 N. Y. 481; 44 Am. Rep. 124; 6 N. E. 469.

BUNN, C. J. This is a bill in chancery by appellant, Hunter, to recover of appellee, Matthews, the value of two bales of cotton, which appellant claimed had been produced by his tenant, Gamble, on his land in the year 1897, and upon which he claimed a landlord's lien for rent and necessary supplies furnished to make the same.

The case was tried upon the following agreed statement of facts, to-wit: The parties to this cause agree that the facts therein are as follows: "In the beginning of the crop season of 1897, J. H. Gamble contracted to work plaintiff's land on shares, plaintiff to furnish land, house and tools, and said Gamble to perform the labor, and they were to share the crop equally. Said Gamble raised eight bales of cotton on said land, of which plaintiff got four. To aid said Gamble to make said crop, plaintiff furnished him necessary supplies to the amount of $89.81. Two of Gamble's bales of said crop have been applied on said debt by attachment, judgment and sale, reducing said debt to $57.88, which is entirely unpaid, and was past due when this action was instituted. By an arrangement between plaintiff and Gamble, the latter took the other two bales home with him from the gin (his home being on the land above mentioned) to keep until such time as the parties should decide it was best to sell the same. Thereafter said Gamble, without plaintiff's knowledge or consent, hauled said cotton to Jonesboro, a distance of seventeen miles, and sold it to the defendant, a merchant and cotton buyer. Defendant bought said cotton in good faith, without notice of the plaintiff's claim, and paid Gamble therefor $54.80 in cash, which was the value of the cotton at that time. This sale occurred before the other two bales were attached by the plaintiff as above stated. When the suit was brought, defendant had mingled said cotton with his other cotton, and had shipped it to St. Louis, Mo."

The court found, in effect, that defendant was an innocent purchaser of the two bales of cotton, and rendered judgment in his favor, dismissing the bill for want of equity, and the plaintiff appealed to this court.

The lien for necessary supplies furnished by a landlord to his tenant to make the crop stands on substantially the same footing as the landlord's lien for rent, is enacted by statute, and expressed in the following language, to-wit: "If any landlord, to enable his tenant or employee to make and gather the crop shall advance ʹsuch tenant or employee any necessary supplies, either of money, provisions, stock or other necessary articles, such landlord shall have a lien upon the crop raised upon the premises for the value of such advances, which lien shall have preference over any mortgage or other conveyance of such crop made by such tenant or employee. Such lien may be enforced by an action of attachment before any court or justice of the peace having jurisdiction, and the lien for advances and for rent may be joined and enforced in the same action."

The lien holds good against all persons having notice of the same, or who have knowledge of the relation of the parties sufficient to put them on the inquiry, but does not hold good against innocent purchasers. But "the purchaser or assignee of the receipt of any *ginner, warehouse holder,* or *cotton factor,* or other bailee for any *cotton,* corn or other farm products in store or custody of such ginner, warehouseman, cotton factor, or other bailee shall not be held to be an innocent purchaser of any such person against the lien of any landlord or laborer." Section 4798, Sand. & H. Digest. The landlord's lien is not lost by the tenant's sale of the crop to a purchaser with notice." *Volmer* v. *Wharton,* 34 Ark. 691.

This doctrine is impliedly held in *Anderson* v. *Bowles,* 44 Ark. 108; *Dickinson* v. *Harris,* 52 Ark. 58; *Bledsoe* v. *Mitchell, id.* 158. In the latter case it was held "that the evidence was not sufficient to show notice to the defendants of plaintiff's lien," thus indicating that the ordinary rules applicable to the case of an innocent purchaser are applicable.

In the case at bar the court, in effect, found that the defendant was an innocent purchaser; and not only so, but by the agreed statement of facts the defendant was without notice of plaintiff's claim. The decree is therefore affirmed.