## Charles F. Cloud vs. John Needles.

Where a court refuses to grant several prayers and grants one with a modification, and the party offering the prayers excepts, *"to which instructions"* the rejected prayers are not open for review in this court, because there is no exception to their rejection.

If a landlord consents to a sale of his tenant's goods taken in execution by the sheriff, under a promise from the latter made after the levy and before the sale, that he will pay the rent claimed, it is in law a *waiver* by the land-lord of his right to sue the sheriff under the statute of 8*th Anne, ch.* 14.

To render such *waiver* available to the defence, it is not necessary that the jury should be required to believe that, in point of fact, the landlord had *actually* waived the right so to sue under the statute, and it is error to submit such an enquiry to them.

Appeal from the Court of Common Pleas for Baltimore City.

This was an action by the appellee against the sheriff of Baltimore city, (the appellant,) under the statute of 8*th Anne, ch.* 14, for taking in execution the goods of a tenant to the plaintiff, without paying the rent due on the lease. Plea *non cul.*

*Exception.* On the 1st of April 1850, a party became tenant of the plaintiff of a house and lot, at the annual rent of $560, payable quarterly, and continued such up to the time of this suit. On the 1st of August 1851, a *fi. fa.* upon a judgment against the tenant, was issued and delivered to the sheriff, who soon after levied it upon the tenant's household furniture found in the house aforesaid. The property was advertised and sold by the sheriff on the premises, early in October following, and the whole nett proceeds of sale paid over to the plaintiff in said judgment. At the time of this levy one quarter's rent accruing from the first of April to the first of July 1851, was due, an account for which was made out and left with the sheriff. It was further proved that after the levy and before the sale, the landlord's agent called upon the sheriff and stated the amount of the claim for rent, and the sheriff told him to make out the account, and the agent afterwards saw the sheriff's deputy who promised to pay the

Cloud *vs.* Needles.

amount of rent claimed. Another witness proved that some-time before the sale, in the presence of the deputy sheriff, the tenant, and the landlord's agent, it was understood that the rent claimed should be paid out of the proceeds of the sale, and the deputy sheriff so promised.

The defendant then proved that the landlord was not present at the sale, though he knew when it occured, and never, so far as the witnesses know, objected to it; that the goods were bought by a purchaser who afterwards deeded them in trust for the tenant's wife, and that none of said goods were ever removed by the sheriff or any other person from the house, either before or after the sale, and that they are still in said house, which the tenant still occupies under the original agreement for rent as aforesaid.

The defendant then asked of the court four instructions to the jury; the first three were in substance, that the plaintiff is not entitled to recover, unless the jury find that the goods levied upon and sold by the sheriff, were in part or in whole removed from off the premises by the sheriff or his officer: the *fourth* is fully stated in the opinion of this court. The court below, (MARSHALL, J.,) rejected these instructions, except the fourth, which was granted with the modification stated in the opinion of this court. "To which instructions" (as the record states,) the defendant excepted, and the verdict and judgment being against him for the whole amount of rent due, he appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and MASON, J.

*William B. Perine,* for the appellant, argued that the judgment should be reversed.

1st. Because the goods though sold by the sheriff were not removed, and he is therefore not responsible in this form of action, under the statute of *8th Anne, ch.* 14. 46 *Eng. C. L. Rep.,* 1001, *Smallman vs. Pollard.* 20 *Eng. Law & Eq. Rep.,* 212, 213, *White vs. Binstead.*

2nd. Because the landlord consented to the sheriff's sale. 3 *Camp.*, 24, *Rotherey vs. Wood.* This point arises under our fourth prayer. The modification annexed to this prayer by the court, was clearly erroneous, because it submits the subject of *waiver*, which is a *question of law*, to the jury. 2 *Saund. on Pl.*, 303. *Chitty on Bills*, 174. 4 *H. & J.*, 538, *Beck vs. Thompson.* 1 *Md. Rep.*, 437, *Ijams vs. Hoffman.* As modified the prayer presented an involved and conflicted proposition, and tended to mislead the jury. 1 *Gill*, 153, *Whiteford vs. Burckmyer & Adams.* 9 *Do.*, 160, *Clements vs. Smith.*

*J. Shaaff Stockett & Thomas S. Alexander* for the appellee, argued.

1st. The only question open on this appeal, under the exception as taken, is the propriety of the modification by the court to the defendant's *fourth* prayer. This modification simply leaves it to the jury to find whether the plaintiff regarded the notice he gave the sheriff of his claim for rent, as a waiver of his rights. This it was clearly competent for the jury to find, and this modification, therefore, caused no injury to the defendant, and the judgment should not be reversed.

2nd. There is no reported case in this State, in which this question under the *statute of Anne* has been decided. The sheriff is not bound to find out that there is rent due, but the landlord must give him notice. This was done in this case, and the sheriff having proceeded to sell without paying the rent, after he had due notice of the claim, has made himself liable under the statute. 58 *Eng. C. L. Rep.*, 233, *Cocker vs. Musgrove.* 3 *Taunt.*, 400, *Smith vs. Russell.* There was nothing in the notice which we gave of our claim, which can be regarded as a *waiver* of our rights under the statute.

3rd. The promise of the sheriff to pay the rent out of the proceeds of sale, and the absence of objection to the sale by the landlord, did not debar him of his right of action under the statute, for at no time after the seizure of the goods by the sheriff, they being thereby *in custodia legis*, could he have

enforced his claim for rent by *distress.* · 6 *Eng. C. L. Rep.*, 154, *Peacock vs. Purvis.* 11 *Johns.*, 185, *Alexander vs. Mahon.* 7 *H. & J.*, 60, *Cromwell vs. Owings.*

ECCLESTON, J., delivered the opinion of this court.

The court refused to grant the first, second and third prayers offered on the part of the defendant, but such refusal not being excepted to, those prayers are not before us.

The defendant's fourth prayer is, "That the plaintiff is not entitled to recover in this action if the jury shall find from the evidence that the sheriff, or his officer, promised the plaintiff, or his agent, after the levy and before the sale of the goods taken in execution by the sheriff in the case against the tenant, to pay the amount of rent claimed by the plaintiff; and if they further find that the plaintiff consented to said sale." This prayer was granted by the court with the following proviso or qualification: "Provided the jury believe, that in making such assent the plaintiff waived, in virtue of this agreement, his rights as asserted in the claim and notice offered in evidence, and relied upon the promise of the sheriff, referred to in this prayer." To this action by the court the defendant excepted.

*Rotherey vs. Wood & Atkins,* 3 *Camp. Rep.*, 24, was a suit like the present against a sheriff, under the statute of 8 *Anne, ch.* 14, *sec.* 1, for taking in execution the goods and chattels of a tenant to the plaintiff without paying the rent due on the lease. There the sheriff received regular notice from an agent of the plaintiff that a year's rent was due; but the same agent took from the sheriff's bailiff and auctioneer a written agreement or undertaking in these words: "We undertake to pay Mr. Rotherey one twelve-months' rent for the premises occupied by Mr. Clarkson if so much rent appears to be due."

The goods were then sold with the consent of the plaintiff's agent, but the rent was not paid.

Lord Ellenborough held, the plaintiff had waived the benefit of the statute, and that no *tort* had been committed by the sheriff in taking the goods in execution without first paying the

rent, as it was done with the consent of the plaintiff. And although some doubt seems to have been intimated whether the written undertaking expressed on its face a sufficient consideration to render it available as a contract, it was considered to be a clear justification to the sheriff, whether valid or invalid as a contract. And the opinion concludes by saying, "In future, it will be better for landlords to have their rent before they suffer their tenants' goods to be sold in execution; but if they will give trust, they cannot afterwards resort to an action on this statute against the sheriff."

According to the decision in that case, if the jury believed the present plaintiff consented to the sale under the circumstances stated in the prayer, it operated in law as a waiver of his right to sue under the statute. And to render such waiver available to the defence, it was not necessary the jury should be required to believe, that in point of fact the plaintiff had actually waived the right so to sue. Submitting such an enquiry to them was therefore erroneous. Instead of tending to enlighten the jury, the proviso or qualification was well calculated to embarrass and mislead them, by requiring them not only to find the facts submitted in the prayer, but also that the plaintiff had *actually* waived his rights. Granting the prayer, with the qualification, was a virtual rejection of it as presented, and equivalent to saying to the jury, although they might believe every thing submitted therein to be true, yet such belief could avail nothing to the defendant unless they should also find it to be true, in fact, that the plaintiff had waived his rights under the statute and relied upon the promise of the sheriff.

In regard to what may or may not render a sheriff liable to a landlord for rent under the statute, see *Smith vs. Russell*, 3 *Taunt.*, 401. *White vs. Binstead & Prebble*, 20 *Eng. Law and Eq. Rep.*, 212; and *Smallman vs. Pollard*, 6 *Man. & Gran.*, in 46 *Eng. Com. Law*, 1001.

*Judgment reversed and procedendo awarded.*