BOONE A. GRIFFITH, Plaintiff in Error, v. GEORGE A. GILLUM, Defendant in Error.

### St. Louis Court of Appeals, May 8, 1888.

1. EVIDENCE—RES INTER ALIOS ACTA.—In an action by a landlord for the defendant's conversion of the tenant's crop upon which the plaintiff had a lien, the record of a judgment previously obtained by the plaintiff against the tenant was properly excluded from evidence, as being *res inter alios acta*.

2.  EVIDENCE — IRRELEVANT, BUT NOT PREJUDICIAL. — The improper admission of irrelevant evidence for the purpose of sustaining a defence, will not be regarded as prejudicial error, where other and ·competent evidence for the same purpose is so abundant and so strong that the irrelevant evidence cannot be supposed to have had ·any controlling influence on the result.

3.  EVIDENCE—CONSIDERATION.—Where it was claimed that the tenant's sale of his crop to the defendant was made with the landlord's consent, there was no error in the admission of testimony tending to show that the defendant had paid an indebtedness as surety for the tenant, to an amount forming part of the purchase price for the crop.

4.  PRACTICE—INSTRUCTIONS. — An instruction to the effect that the ·defendant was liable to the plaintiff if he bought the crop of ·plaintiff's tenant, knowing of the plaintiff's lien thereon, was ·properly refused, under the evidence, without the qualification, ·unless it appeared that the plaintiff had previously waived his lien and given his permission for the sale. Nor was there any error in giving an instruction to the effect that, if the plaintiff, prior to the sale of the crop, gave his tenant permission to sell the same, and intended thereby to waive his lien and look to the tenant for payment of the rent, then the verdict should be for the defendant.

5.  WAIVER—CONSIDERATION.—A consideration, such as is necessary to support a contract, is not necessary to support a waiver.

ERROR to the Louisiana Court of Common Pleas, HON. E. M. HUGHES, Judge.

*Affirmed.*

I. C. DEMPSEY and W. H. BIGGS, for the plaintiff in error: The papers and judgment, in the case of Boone A. Griffith *vs.* Gordon A. Thorp, was competent, for the purpose of establishing the amount due from Thorp to plaintiff as rent for plaintiff's farm for 1886, and that the same had not been paid. The testimony introduced by defendant tending to show that he had permitted Thorp, his tenant, to sell the crops grown upon his farm for several years previous to 1886, should have been excluded. It had no tendency to prove that plaintiff had waived his lien on the crop for 1886. It

was clearly prejudicial to plaintiff's case, and was calculated to mislead the jury. *Faulkner v. Harding*, 9 Mo. App. 12. The theory of defendant that if plaintiff gave Thorp permission to sell the wheat and that plaintiff agreed to waive his lien thereon, provided Thorp would sell the wheat, and that, by virtue of this agreement, plaintiff lost his lien, cannot (we think) be sustained. The only consideration shown for this agreement on part of plaintiff was the undertaking on the part of Thorp to sell the wheat. Thorp, in this, assumed no new obligation, nor did he acquire any new right not before possessed. Thorp could sell the wheat and pass a good title to the purchaser, provided the plaintiff received the purchase money. *Haselton v. Ausherman*, 87 Mo. 410. It was Thorp's duty, under the law, to take proper care of the wheat, and it was also his duty and legal right to dispose of the same in a way not prejudicial to plaintiff's interests. All the purchaser would have to do in order to protect his title to the wheat would have been to see to the proper application of the purchase money. The plaintiff had no title whatever to the property. Neither had he the right to the possession. *Sheble v. Curat*, 56 Mo. 437. Plaintiff had a legal right or lien on the wheat, and before defendant can escape liability in this case, he must not only show that plaintiff actually agreed to release the wheat from his lien for his rent, but he must also predicate this agreement on a valuable consideration. *Haselton v. Ausherman*, 87 Mo. 410. What did Thorp agree to do? He agreed to sell the wheat. This he was bound to do outside of this promise. *Farringdon v. Ballard*, 40 Barb. 512. And the further promise that he (Thorp) would pay the money to plaintiff does not alter the case. This, also, he was legally bound to do, to the extent of that year's rent; and as the wheat only brought three hundred and eighty dollars, and the rent due plaintiff was five hundred dollars, this would furnish no consideration upon which to base the contract. There must not only be a consideration for an

agreement to waive a lien, but the intention to waive it must be clearly shown by the evidence. *Muench v. Bank*, 11 Mo. App. 144. The court permitted defendant to show that, in 1886, Thorp was indebted to him, and that defendant (who was Thorp's security) paid a part of the debt. The defendant's counsel stated in the presence of the jury that his object in offering the testimony was to show that defendant used the money arising from the sale of the wheat in paying Thorp's debts. This was clearly error. *Sanders v. Orlhauson*, 51 Mo. 163; *Knox v. Hurst*, 18 Mo. 243.

D. A. Ball, for the defendant in error: The court did not commit an error in refusing to allow plaintiff to read in evidence the papers and judgment in the case of Griffith *v.* Thorp. Gillum, the defendant in this case, was no party to that suit, therefore, could not be bound by said papers or judgment. If the defendant Gillum knew of the custom and manner of dealing, handling, disposing, and selling of the crops between plaintiff and Thorp, and he certainly did from the testimony, then the evidence was competent. The evidence was competent as tending to prove a waiver of plaintiff's lien, coupled with his dealing, acts, etc., in 1886. *Hanley v. Ins. Co.*, 4 Mo. App. 253; *Horn v. Peteler*, 16 Mo. App. 438. The third error complained of is, that the permission given by plaintiff to Thorp to sell the wheat and the acceptance of the note, etc., is no waiver of the lien for the reason that there was no consideration. This certainly cannot be the law, when the rights of third parties intervene as in this case. The facts were known by defendant, and plaintiff by his acts, as the testimony in the case proves, waived his lien on the wheat, and he is now estopped from claiming the amount of the wheat of defendant. *Hanley v. Ins. Co.*, 4 Mo. App. 253; *Horn v. Peteler*, 16 Mo. App. 438; *Moores v. Martin*, 23 Mo. App. 657. It may be true that plaintiff Griffith had no right to the possession of the crop raised by Thorp before the rent was due, yet no

one will contend that after it became due that he did not have the right to take it by law. Rev. Stat., 1879, sec. 3091; *Chamberlain v. Heard*, 22 Mo. App. 416. The real question is, did the plaintiff waive his lien on the crop of wheat raised in 1886? The facts as substantially proven by defendant were, that Thorp had rented the land of plaintiff for five years; that after the wheat had been threshed in 1886 it remained on the ground where threshed for six weeks, and while there on the ground plaintiff and Thorp, his tenant, had a settlement, and plaintiff accepted Thorp's note for the rent due for 1886, together with all back rent, in all about twelve hundred dollars, and gave Thorp permission to sell and dispose of the crop. These facts defendant knew, and relying upon them, he, as he had a right to do, took the wheat away and received the money for it. Several months after this plaintiff institutes this suit. We, therefore, hold that plaintiff waived his lien in so far as this defendant is concerned. *Garnhardt v. Finney*, 40 Mo. 449; *Milton v. Smith*, 65 Mo. 315; *Williams v. Porter*, 51 Mo. 441.

THOMPSON, J., delivered the opinion of the court.

The plaintiff rented to one Thorp a farm for the year 1886 for the annual rental of five hundred dollars, to be paid on the first of August of that year. Thorp had been the tenant of the farm for several previous years, and on the first of August, 1886, owed the plaintiff, on account of rent for previous years, about seven hundred dollars. About that time Thorp, without paying the rent for the year 1886, turned over to this defendant, who was his brother-in-law, most of the wheat which he had grown upon the place in the season of 1886, which the defendant sold for three hundred and eighty dollars. Thorp did this for the purpose of discharging a liability which he had incurred in favor of the defendant in an amount exceeding four hundred dollars. Two hundred dollars of this liability was for money loaned by the defendant to Thorp, for which the defendant had taken

a mortgage upon this very crop, with the knowledge of the plaintiff, as the defendant's evidence tended to show. The defendant's evidence tended to show that, when Thorp turned over the wheat to the defendant, the plaintiff had given him (Thorp) permission to sell the same. Shortly after Thorp turned over the wheat to the defendant, he and the plaintiff had a settlement for all rents due on account of Thorp's occupancy of the farm, including the five hundred dollars, due for the year 1886, in which settlement an amount exceeding twelve hundred dollars was found due from Thorp to the plaintiff, for which Thorp gave the plaintiff his promissory note. The plaintiff, at the time of this settlement, desired Thorp to secure the note in some way, but Thorp was unable to do so.

This action is brought by the plaintiff against the defendant to recover damages for the conversion of the wheat which Thorp turned over to the defendant, on the theory that, when it was so converted, the plaintiff had a landlord's lien upon it, of which fact the defendant had knowledge. The answer admits the purchase of the wheat from Thorp and that it was grown on the plaintiff's farm in the year, 1886; but sets up, among other things, that, prior to the defendant's purchase of the wheat from Thorp, the plaintiff had given Thorp permission to sell same.

The case was tried before a jury, and resulted in a verdict and judgment for the defendant, to reverse which this writ of error is prosecuted.

I. The first error which is assigned is, that the court excluded from evidence the record in an action previously prosecuted by the plaintiff against Thorp, in which the plaintiff had recovered a judgment against Thorp. It was offered in evidence for the purpose of showing that the rent for the year 1886 had not been paid by Thorp. There was no error in this ruling. The defendant was not a party to this action, and, therefore, the record of the judgment proved nothing as against him. It was *res inter alios acta*. *Missouri Fire Clay*

*Works v. Ellison*, 30 Mo. App. 67. But if it had been competent evidence, the error of ruling it out would not have been prejudicial, because the fact that Thorp had not paid any part of the rent for the year 1885, was otherwise proved at the trial and was not controverted.

II. It is next assigned for error that the defendant was allowed to introduce testimony tending to show that the plaintiff had permitted Thorp, while occupying the farm as his tenant, to sell crops growing upon his farm during several previous years. This was error. Any indulgence which he had extended to Thorp in the matter of paying his rent in previous years would not tend to show that he had waived his lien for rent upon the crop of 1886. But it does not follow that, because the evidence was irrelevant and ought to have been excluded under the plaintiff's objection, the error of admitting it was necessarily prejudicial, so as to require a reversal of the judgment. The direct evidence that the plaintiff had given Thorp permission to sell the wheat raised during the year 1886 was very strong, consisting of the deposition of Thorp himself and of evidence of the statements made by the plaintiff under oath while testifying as a witness in the previous trial of his action against Thorp. This being so, the exclusion of this item of irrelevant evidence could scarcely have changed the result.

III. The court permitted the defendant to show, by the testimony of James R. Wells, that in 1886 Thorp was indebted to Wells, for which indebtedness the defendant was surety for Thorp, and that defendant had paid him, Wells, a part of the debt. We see no error in this. It tended to show that, to the extent to which the plaintiff had discharged the debt of Thorp, Thorp was indebted to him. It was, therefore, relevant as tending to show that Thorp had turned over the wheat to the defendant in the discharge of a *bona-fide* indebtedness.

IV. The plaintiff requested the court to give the following instruction :

"The court instructs the jury that the defendant admits that he received the sum of three hundred and eighty dollars, arising from the sale of the wheat crop raised on the plaintiff's farm in 1886, by one Gordon A. Thorp, the tenant of plaintiff; and defendant also admits that he purchased said wheat from said Thorp. The court, therefore, instructs the jury that, if they find from the evidence that the sum of five hundred dollars for the rent of said farm for 1886 remained due and unpaid by said Thorp to plaintiff, and said rent became due at any time within eight months prior to the purchase of said wheat by defendant,—then the plaintiff had a lien on said wheat, at the date of said purchase, to secure his said rent; and the verdict of the jury should be for plaintiff, against defendant, for the said sum of three hundred and eighty dollars, with six per cent. interest thereon, from the fourteenth day of Aaugust, A. D., 1886."

The court refused to give this instruction as asked, and gave it as thus qualified:

"Unless defendant has shown to the jury, from the evidence in the cause, that, prior to the sale of said wheat, the plaintiff agreed with such tenant to waive his lien thereon, if said tenant should sell said wheat, and that, under and on account of such agreement and permission of plaintiff, the said tenant did sell said wheat, or any part thereof to defendant."

The court also, at the request of the defendant, instructed the jury as follows:

"If the jury believe, from the testimony in the case, that plaintiff, prior to the sale of the wheat crop, harvested in the year 1886, gave his tenant, Gordon A. Thorp, permission to sell said wheat, and intended thereby to waive a lien, and to look to Thorp for the payment of the rent, then the verdict will be for the defendant."

We see no error in the qualification which the court added to the plaintiff's instruction, or in the instruction

given at the request of the defendant. The two instructions, as given, submitted to the jury the real issue in the case. We see no force in the argument that the waiver, if made, was not a waiver, because it was not founded on a valuable consideration. A consideration such as is necessary to support a contract is not necessary to support a waiver. A waiver may often take place in consequence of laches merely, or in consequence of acting inconsistently with the idea of insisting upon the right which is waived. This is a familiar branch of legal doctrine, which not only arises in cases of insurance, but in many other cases. If in fact the plaintiff consented that Thorp should go on and sell the wheat, as he had allowed him to do in previous years, and if the defendant knew this fact, as the evidence tends to show that he did, it would be very unjust towards the defendant to allow the plaintiff to change position and to recover the value of this wheat from the defendant.

On the whole, we see no error in the record of which the plaintiff can justly complain, and we accordingly affirm the judgment. All the judges concur.