Jas. P. Fulkerson, Appellant, v. Jas. Lynn, Respondent.

**Kansas City Court of Appeals, January 20, 1896.**

1. **Trial Practice:** ESTOPPEL: WAIVER: INSTRUCTION. Though the court instruct that the evidence is insufficient to make out an estoppel, it does not follow that it should by instruction withdraw the evidence relating to estoppel from the jury, since it may tend to show a waiver.

2. **Landlord and Tenant:** LIEN: CONSENT TO SELL: WAIVER OF THE CONSIDERATION. If the landlord tell his tenant to sell his crop, intending thereby to waive his lien, the lien is gone regardless of consideration for the waiver or the fact that the purchaser knows nothing of such consent to sell.

3. ———: AGENT: INSTRUCTION. The landlord may make his tenant an agent to sell the crop and receive the money due him and thereby discharge his lien, and an instruction to that effect was properly given in this case.

4. **Waiver:** INTENTION: JURY: APPELLATE PRACTICE. A waiver is the intentional relinquishment of a known right, and the best evidence thereof is found in the language of the parties; and if the jury draws the wrong inference therefrom the appellate court is powerless to interfere.

5. ———: AGREEMENT: CONSIDERATION. A waiver may be made by an agreement and also without an agreement, upon consideration or without consideration. No man is compellable to stand on a right which the law gives him, but can waive it.

6. **Landlord and Tenant:** LIEN: WAIVER. A landlord's lien may be waived in a variety of ways not involving an agreement or consideration, as by consent to the sale of the lien property.

*Appeal from the Johnson Circuit Court.*—Hon. W. W. Wood, Judge.

Affirmed.

*Chas. E. Morrow* for appellant.

(1) There is no evidence tending to prove a waiver of plaintiff's landlord's lien. To constitute a waiver an

agreement was necessary. *Reed v. Lambertson*, 53 Mo. App. 76, *loc. cit.* 80. (2) There was no consideration for the alleged waiver, and it can not be upheld. A consideration is necessary. *Haseltine v. Ausherman*, 87 Mo. 410. (3) There is no evidence tending to prove that plaintiff directed Frank C. Hood to sell the corn and collect the money for plaintiff. Defendant's fourth instruction should not have been given. (4) Defendant's instruction number 3 misled the jury, in telling them that if plaintiff looked to his tenant for rent it would show waiver. There is no estoppel in this case and the plaintiff had a right to look to his tenant for pay and it did not tend to prove an agreement to waive. It was consistent with an intention to rely upon the lien. (5) The court erred in erasing the latter clause of instruction number 3, asked by plaintiff. Defendant had failed to prove an estoppel and all this evidence should have been withdrawn from the jury by instruction. (6) Instruction number 7 asked by plaintiff should have been given. A mere consent that the tenant might sell is not a waiver. And unless the defendant knew of this and was misled by it he can not recover on it.

*J. W. Suddath* for respondent.

(1) No agreement is necessary to constitute a waiver; the evidence shows a complete waiver. *Griffith v. Gillum*, 31 Mo. App. 33. (2) A consideration is not necessary to support a waiver. *Griffith v. Gillum*, 31 Mo. App. 33; Bishop on Contract [Enlarged Ed.], secs. 95 and 96; Bishop on Noncontract Law, sec. 49; *Cloud v. Needles*, 6 Md. 581; *Dockham v. Parker*, 9 Greenl. (Maine) 137. (3) There is ample evidence to show that plaintiff directed Frank Hood to sell crop and

collect money for plaintiff. Hence defendant's fourth instruction was proper. (4) Defendant's third instruction was not misleading and did not have any element of estoppel in it, but is an approved one. *Griffith v. Gillum*, 31 Mo. App. 33. (5) The court did not err in erasing latter clause of instruction number 3, asked by plaintiff, because it held that no evidence tending to prove an estoppel had been introduced. (6) The court did not err in refusing instruction number 7 asked by plaintiff, because it is not the law. If plaintiff consented for Hood to sell the crop he either waived his lien or made Hood his agent to sell and collect the money for him.

ELLISON, J.—Plaintiff rented his lands to the Hoods, with a contract for cash rent. The Hoods sold the corn raised by them on the land to defendant, the latter knowing the corn was grown on plaintiff's land. The plaintiff not having been paid the rent due him from the Hoods, instituted this action against defendant, under the provisions of section 6384, Revised Statutes, 1889. The judgment below was for the defendant.

The only question for decision is whether plaintiff waived his landlord's lien on the corn for the rent due to him from the tenants. On the part of the plaintiff, the court instructed the jury that there was not sufficient evidence to make out an estoppel against the plaintiff; but refused to instruct that the evidence given to establish an estoppel in law should not be considered in determining the case. We deem the court's action in this respect proper. For if we concede that the evidence may not have shown a technical estoppel, it did tend to show a waiver or abandonment of the lien.

The court also refused to instruct the jury for

plaintiff, that although plaintiff consented that his tenant should sell the corn, yet if defendant did not know of such consent, and did not rely upon it when he purchased of the tenant, there was no waiver. This refusal was also undoubtedly proper. The instruction amounts to declaring, as a matter of law, that the defendant's consent that his tenant might sell the corn on which he had a lien was not a waiver, unless defendant was led to make the purchase by reason of such consent. Whether it was a waiver would depend on the intention of the plaintiff, to be gathered from the facts and circumstances appearing in the case. There is no reason why he may not have waived the lien, without defendant's knowledge. It would have been interfering with the province of the jury to have given the instruction. The matter was properly disposed of by the court in giving defendant's instruction number 3, wherein the jury were told that if consent to sell was given to the tenant, and plaintiff by such consent intended to waive his lien and look only to the tenant for payment, then there was a waiver.

The court gave, also, at plaintiff's instance, an instruction directing the jury that if they believed that prior to the sale of the corn plaintiff directed the tenant to sell, receive the money therefor, and then pay to him, plaintiff, and that defendant purchased and paid the tenant, the verdict must be for defendant. There can be no doubt as to the correctness of this instruction. The substance of it is, that plaintiff made of the tenant an agent, to sell and to receive the money due him and for which he had a lien.

The question remains whether there was any evidence upon which to base defendant's instructions. We have gone through the record and find that there was abundant evidence to justify them and which, if believed by the jury, warranted them in returning a

verdict for the defendant. There is no necessity for setting out the evidence here, but a perusal of it has left no doubt in our minds that it was sufficient to authorize the hypotheses submitted to the jury. The question of what plaintiff intended by his conduct and conversation was one which could only be determined by the jury, and they could only interpret his intention by the language he used, under the circumstances existing when he used such language. It is said in *West v. Platt*, 127 Mass. 372, that: "A waiver is indeed the intentional relinquishment of a known right; but the best evidence of intention is to be found in the language used by the parties. The true inquiry is, what was said or written, and whether what was said indicated the alleged intention. * * * The secret understanding, or intent, of the defendants, or their agents, could not affect his (plaintiff's) rights."

If the jury have drawn a conclusion from the evidence, which was not in reality intended by the plaintiff, we are powerless to interfere, since the nature of the evidence was such as must be passed upon by a jury and not an appellate court.

Much of plaintiff's contention against the defense of waiver is based on the idea that there must be an agreement in order to make a waiver. A waiver may be made by an agreement, but it may also be made without an agreement. It depends altogether on the nature of the matter to which the waiver pertains. The cases of *Haseltine v. Ausherman*, 87 Mo. 410, and *Reed v. Lambertson*, 53 Mo. App. 76, cited by plaintiff, have no application to this case.

So, the same may be said with respect to the necessity for a consideration. There are many instances where a waiver must be upheld by a consideration, but it is by no means so in all cases. Thus, it is familiar that a forfeiture may be waived by certain

acts or conduct, without any agreement or considera-
tion therefor. The doctrine of waiver of forfeiture
does not stand on any advantage accruing to the one,
or injury sustained by the other. *People v. Manhattan
Co.*, 9 Wend. 381. The statute of limitations may be
waived, without an agreement or a consideration.
"The doctrine is familiar that no man is compellable
to stand on a right which the law gives him. He can
always waive it, if he chooses." Bishop on Contr.,
secs. 94, 95.

So, coming to the case of a landlord's lien. The
lien may be waived in a variety of ways, which do not
involve agreement or a consideration. Thus it may
be waived by the landlord consenting to a sale of the
property. *Dockham v. Parker*, 9 Greenl. 137; *Cloud v.
Needles*, 6 Maryland, 501; *Volmer v. Wharton*, 34 Ark.
691. We do not say that in all cases of consent to
sell, the landlord would, as a matter of law, waive his
lien, for the circumstances might rebut the intention,
or leave it doubtful. So, therefore, we hold as in sub-
stance is stated in the instructions, that if a landlord
tells his tenant to sell the crop, on which he has a stat-
utory lien, intending thereby to waive his lien, and
the tenant sells, the lien is gone, regardless of whether
there was any consideration for the waiver. For, in
such case, the matter is executed and accomplished.
It is different from a case where the landlord might
agree that at some time in the future he would
release, renounce, or waive his lien. For, in such case,
if there was no consideration, he might refuse to
release. So, neither can it affect the waiver or release
of the lien, that the purchaser of the tenant does not
know that it has been released, if the purchaser bar-
gains for the whole title to the property. The idea
running through plaintiff's contention in this respect
is, that in order to enable defendant to take advantage

of the waiver, he must have know it was made. This is not a correct view of the case. If plaintiff told the tenant to sell, intending thereby to renounce his lien, it would be released in the hands of the buyer, who buys full title, whether he knew of the release or not.

The case has been fully presented by the respective counsel, and we are satisfied, after a full examination, with the ruling of the trial court, and hence affirm the judgment. All concur.