WIMP, Appellant, v. EARLY, Respondent.

St. Louis Court of Appeals, January 19, 1904.

1. **LANDLORD AND TENANT: Pleadings: Lien on Crop: Waiver.** In an action under section 4123, Revised Statutes of 1899, for the value of a crop, by the landlord, against a purchaser from the tenant with knowledge that it was grown on the leased premises and that the rent was unpaid, an answer which avers "that plaintiff gave to (the tenant) her consent for him to sell and dispose of, and collect all of the money for, all crops raised by him, and especially the timothy seed (the subject of the suit)" was broad enough to let in proof that plaintiff consented to the sale and thereby waived her lien, although the answer, in addition, pleaded that plaintiff waived her lien by taking other security upon which she relied solely for the collection of her rent.

2. ———: **Lien on Crops: Waiver: Taking Other Security.** A stipulation in a mortgage, taken by a landlord on the land of his tenant to secure the payment of the rent on the land leased, that nothing in said mortgage should be construed as a waiver of the statutory lien on the crops on the leased land, did not create a mortgage on such crops, but was intended to avoid a possible inference that, in taking other security, the landlord relinquished the statutory security.

3. ———: ———: ———: **Statute of Frauds.** A crop of timothy seed, whether sold before or after it was gathered, was not a part of the realty, and a parol release of the landlord's lien for rent thereon could be made, unaffected by the statute of frauds.

4. ———: ———: ———: **Consideration.** The unconditional consent of the landlord to the sale of the crop, is a waiver of his lien thereon for the rent, although there is no consideration for such waiver.

5. **EVIDENCE: Landlord and Tenant: Lien on Crop: Waiver: Agency.** In an action under section 4123, Revised Statutes of 1899, by the landlord, for the value of a crop, against a purchaser from the tenant, where the question of waiver, by agent, of the landlord's lien on the crop, was in issue, it was error to exclude evidence as to the scope of the agency, and the apparent authority of the agent; the power of the agent to lease the land did not carry with it the power to waive the lien.

6. ———: ———: ———: Release of Lien on Other Crops. Evidence that the landlord consented to the sale of other portions of the crop on the land was not admissible to prove a waiver of the lien on that portion concerning which suit was brought.

7. ———: ———: ———: Value of Other Security. Evidence showing the value of other security taken by the landlord for the payment of his rent was inadmissible to show waiver of the landlord's lien on the crop.

Appeal from Knox Circuit Court.—*Hon. E. R. McKee,* Judge.

REVERSED AND REMANDED.

*C. D. Stewart* for appellant.

Defendant's answer was sufficient to warrant the issues submitted to the jury by the court's instructions. White v. Nye, 64 Mo. App. 543; Fulkerson v. Lynn, 64 Mo. App. 654.

*O. D. Jones* for respondent.

(1) It was error to submit the case on the oral waiver of Jet Wimp. Objections to submitting this defense were urged all through the trial, overruled and exceptions. The reservation in the deed of trust certainly secures an "interest" in leased lands; if so an agent to release it must be "lawfully authorized by writing." R. S. 1899, sec. 3415, p. 854. (2) The express reservation of the statutory lien on the entire crop in the deed of trust, duly acknowledged and recorded and of which defendant had actual notice was equivalent to a mortgage on it. Attaway v. Hoskinson, 37 Mo. App. 132-6; Wright v. Bircher, 72 Mo. 179-183; Keating v. Hannenkamp, 100 Mo. 161-7; Waite v. McCallister, 67 Mo. App. 314. (3) There was no evidence of an oral waiver of the lien. It was preserved as by a mortgage and defendant knew it. The rent was not then in August due; the Williford's had the right to sell the

seed, unless they thereby endangered the payment of the rent. Haseltine v. Ausheman, 87 Mo. 410-13. (4) The lien was saved as by a mortgage; there is no element of estoppel in the case. When there is no element of estoppel, the waiver must have been made between the landlord and tenant. Between them there can be no waiver or release of the lien except by competent contract; that must be an express one and supported by a consideration, to be enforcible. Evans v. Shumaker, 57 Mo. App. 454-7; Barnes v. Glover, 68 Mo. App. 569-71. (5) The answer does not aver that plaintiff ever agreed, intended or consented to waive her lien on the seed sold, by an oral agreement. Mech. Assn. v. Texas Co., 73 Mo. App. 161-5. There is no estoppel in the case even pleaded. Mathews et al. v. Nation, 69 Mo. App. 327-31; Guffith v. Gillum, 31 Mo. App. 83; Dawson v. Coffey, 48 Mo. App. 109.

GOODE, J.—Plaintiff leased to J. D. and B. Williford (father and son) 800 acres of land in Scotland county during the year 1899, for which those tenants were to pay $403 rent. They gave two notes for the rent, and secured them by a deed of trust on 80 acres of land they owned in Adair county. That deed contained a recital that it should not affect plaintiff's statutory lien on the crops grown on the leased premises. Jet Wimp, plaintiff's son, made the lease contract with the Willifords and took the notes with the deed of trust that secured them, acting in those transactions as the business agent of the plaintiff, who resided in Illinois and was in that State at the time. The defendant Early, knowing that the rent was unpaid, purchased from the tenants some timothy seed they had raised on the premises, and this action was instituted to recover the value of said seed under the section of the statutes which gives a landlord a right of action against a party who purchases any part of a crop known by him to have been grown on demised premises. R. S. 1899, sec. 4123.

The principal defense was that Jet Wimp consented to the sale of the seed and waived plaintiff's lien. As to whether he did or not, there was contradictory evidence of a competent character; but much testimony was admitted, as bearing on the issue, which was irrelevant and prejudicial.

Before designating this incompetent testimony, we will notice other points made by the plaintiff against the judgment. One of them is that the answer tenders no issue as to a waiver of plaintiff's lien on the seed, by her consenting, through her agent, to the sale; but only avers a waiver of the lien on all the crops by the acceptance of the aforesaid deed of trust executed to secure the rent notes, and that the defense of waiver on that ground was overthrown by the recital of the deed that it should not work a waiver. This construction of the answer is unsound; for besides pleading the deed of trust and alleging that it waived the statutory lien, the answer also evers "that plaintiff gave to said J. D. Williford her consent for him to sell and dispose of and collect all of the money for all the crops raised by himself and son B. Williford, for the year 1899, on her said farm; and especially the timothy seed referred to in plaintiff's petition." It is true the answer states that plaintiff relied solely on the deed of trust and the personal obligation of the Willifords for the collection of her rent; but the above allegation was broad enough to let in proof that plaintiff, in some other way, consented to the sale of the timothy seed and waived her lien thereon. This allegation of the answer is traversed by the replication; which, besides pleading in confession and avoidance of the alleged waiver based on the acceptance of the deed of trust, contains a general denial of the other allegations of the answer.

Plaintiff argues that Jet Wimp could not waive the plaintiff's statutory lien on the crops without express authority in writing. This argument is founded on the

conception that the proviso in the deed of trust given by the Willifords on their land in Adair county, that it should not discharge the plaintiff's statutory lien on the crops raised on her premises in Scotland county, operated to create a mortgage in her favor on the crops grown on the demised premises; that those crops were part of the realty and the supposed mortgage was, therefore, a mortgage on real property which could only be released or discharged by a writing and by an agent authorized in writing. The transaction is asserted by the defendant to have fallen, in some way, within the statute of frauds; but the suggestions on the point are vague and the reasoning is, we think, fallacious. The deed of trust, instead of attempting to create a mortgage-lien on the crops in favor of the plaintiff, sought to preserve unimpaired her statutory lien: that is, to avoid a possible inference that in taking other security she intended to relinquish the statutory security she already enjoyed; and the crop of timothy seed, whether sold before or after it was gathered (as to which the evidence shows nothing) was not part of the realty so that the lien on it could not be released except by a writing and by an agent having written authority; as contemplated by the statute of frauds for the sale of lands or interests therein. Swafford v. Spratt, 93 Mo. App. 631. A landlord may assent orally or by conduct to his tenant selling the crops grown on the leasehold, under circumstances that will release his lien on the crops. 1 Jones, Liens, sec. 579; Fulkerson v. Lynn, 64 Mo. App. 649.

The point is made against the validity of the alleged waiver of plaintiff's lien on the seed, that it was unsupported by a consideration. Here the plaintiff's counsel puts his finger on one of the inconsistencies of the law. Consent for the tenants to sell the seed and renunciation of plaintiff's lien, constituted an agreement; an agreement, however, that did not rise to the dignity of a contract, as there was no consideration for

it. But by regarding the agreement as a waiver instead of a contract, that is to say, by giving it another legal name, it becomes valid; for a waiver of this kind need not be supported by a consideration to be effectual. This has been declared to be the law even if elements of estoppel are absent (Fulkerson v. Lynn, supra); and therein lies the inconsistency. For if the rule is put on the ground of estoppel, and not extended to cases disclosing no estoppel, it would not clash with the doctrine that contracts must have a consideration. Some juridical writers have questioned the wisdom of making a consideration indispensable in all cases to render an agreement effectual as a contract, and it is not indispensable in continental jurisprudence. The inconvenience of the requirement has led to the doctrine that slight benefit to one party, or detriment to the other, satisfies the law in this regard. But as it is settled in Anglo-Saxon law, that a consideration is necessary, certain kinds of agreements which it is desirable to enforce, but which can not be enforced as contracts for lack of consideration, are enforced under the name of waiver. Consent by a landlord to the sale by a tenant of growing crops is one of them. An effectual release of the lien in such instances may be made without a consideration and the law will recognize and uphold it, according to precedents in this State. Fulkerson v. Lynn, supra. We are bound to determine this case according to the precedents, though they may deflect legal principles from strictly logical lines, and, therefore, rule that if Jet Wimp, as the agent of plaintiff with authority to waive her lien, or with apparent authority to do so, consented unconditionally to the sale of the seed in question to the defendant and to the discharge of her lien, the defendant can not be held for the value of the seed, although there was no consideration for such waiver.

On an examination of the defendant's exceptions to the rulings on objections to the evidence, we find

that same of the exceptions were well taken.   Whether the scope of Jet Wimp's agency was sufficient to clothe him with real or apparent authority to waive plaintiff's lien on the seed, is of the essence of the validity of the alleged waiver.   Yet the court refused to permit an investigation of the scope of his agency and took it for granted that, because he rented the land to the Willifords he had the authority, or an appearance of it which justified the Willifords in acting on what he said.   Mere power as agent to lease land certainly does not of itself necessarily carry power to waive the principal's lien for rent.   General power to deal with a tenant in regard to the payment of rent does.   For aught that appears there may have been a restriction against Jet Wimp's releasing the lien, and the restriction may have been known to the Willifords or to Early.   On the other hand, if he was without authority to waive, the scope of his agency and the business he was permitted to transact, may have been of a character to warrant persons who dealt with him to assume he had authority.   This was a matter for investigation and testimony.   The court erred in refusing to permit the plaintiff's counsel to cross-examine Jet Wimp in reference to the authority his mother had given him; though if his conduct fell within the apparent scope of his agency, those who dealt with him in ignorance of his actual authority will be protected.   But it was legitimate to inquire about his powers.

The vital issue was whether plaintiff, through her agent, consented to the sale of the timothy seed to the defendant, and waived plaintiff's lien thereon, as the testimony for the defendant tends to prove; or whether Jet Wimp agreed to the sale on the understanding that Early would see that plaintiff was made safe as to her rent, as he swore.   A mass of evidence was received over the objection of the plaintiff, going to prove a waiver of the lien on other crops raised by the tenants; as that they fed the corn crop to cattle with the knowl-

edge and consent of Jet Wimp, and sold hay grown on the premises with said Wimp's knowledge and consent. These incidents had no tendency to maintain the defendant's position that the tenants were authorized to sell the seed. It was proper to receive any testimony tending to show consent to the sale of the entire crop, for that would include the seed. But proof of consent to the sale of other portions of the crop would not tend to do that except by an unwarranted inference; for, perchance, consent was given in those instances and not given in this one, or generally. As juries are often prone to determine causes on their notion of what is fair, in view of all the facts before them, without strict regard for the legal rights of parties, it is important to keep extraneous matters out of the evidence as far as possible.

There was considerable testimony admitted over the defendant's objection, as to the value of the land on which the Willifords executed the deed of trust to secure the rent. The tendency of this evidence was to create the impression that plaintiff, when she bid in that land under the deed of trust, got a bargain and really profited by the purchase over and above the amount due to her for rent. But whatever the value of said land may have been (and its value above a prior mortgage on it seems to have been trifling) the Willifords were only entitled to a credit on their notes for the amount the land brought at the sale under the deed of trust. Plaintiff was entitled to collect the balance due on her rent notes after allowing that credit; and, inasmuch as she did not waive her statutory lien by the deed of trust, to collect it by enforcing said lien on the crops, except in so far as she had waived it by the words or conduct of her agent. The evidence relating to the value of the land covered by the deed of trust was irrelevant and probably of harmful influence.

The judgment is reversed and the cause remanded. *Bland, P. J.,* and *Reyburn, J.,* concur.