H. E. SMITH, Appellant, v. S. P. HUFF, Respondent.

Kansas City Court of Appeals, February 21, 1910.

1. **LANDLORD'S LIEN: Waiver.** Though a landlord may have a written contract of renting which denies the right of the tenant to sublet any part of the premises without his written consent, yet if he encourages a sublessee to rent of his tenant and tells him he has no lien for the rent from the tenant, it is a waiver of the lien and it cannot afterwards be enforced.

2. ———: ———: **Purchase of Crop.** So if the landlord requests the subtenant to buy the tenant's part of the crop and to pay the money on his note against the tenant for rent, and the subtenant does so, it is a waiver of the lien.

Appeal from Pettis Circuit Court.—*Hon. Louis Hoffman,* Judge.

AFFIRMED.

*Sangree & Bohling* for appellant.

(1) The court erred in refusing plaintiff's first instruction. The plaintiff made out a complete case by the evidence. R. S. 1899, secs. 4115, 4123, 4127, 4128; Garroutte v. White, 92 Mo. 237; Williams v. Braden, 63 Mo. App. 513; Phillips v. Burrows, 64 Mo. App. 351. (2) The court erred in submitting the question of waiver to the jury. Fulkerson v. Lynn, 64 Mo. App. 653. (3) A waiver is a question of law and facts; but in cases where all the facts and circumstances are clearly established, it becomes a question of law and the court should inform the jury whether the evidence is sufficient to establish a waiver. Okey v. Insurance Co., 29 Mo. App. 111; Hotel Co. v. Callender, 94 Cal. 120; Insurance Co. v. Evans, 9 Md. 1; Hill v. Hobart, 16 Me. 164; Mowry v. Wood, 12 Wis. 413; Minor v. Edwards, 12 Mo. 138. (4) Where the question of waiver is submitted to the jury the instruction should advise the jury what acts will amount to a

waiver. Insurance Co. v. Kyle, 11 Mo. 278; Minor v. Edwards, 12 Mo. 139; Phillips v. Insurance Co., 14 Mo. 231; Insurance Co. v. Homer, 2 Ohio St. 476; Byrue v. Insurance Co., 20 Ind. 104; Lawrence v. Insurance Co., 10 Pet. (U. S.) 507.

W. D. Steele for respondent.

(1) The evidence in this case shows a complete waiver. Griffith v. Gillum, 31 Mo. App. 33; Bunce v. Beck, 46 Mo. 327; Wimp v. Early, 104 Mo. App. 85. (2) Waiver depends on the intention of the parties. Whether or not a waiver is intended is a question solely for the jury. Fairbanks, Morse & Co. v. Baskett, 98 Mo. App. 53.

ELLISON, J.—The plaintiff's action is by attachment to secure an alleged landlord's lien. The judgment in the trial court was for the defendant.

It appears that plaintiff was the owner of a tract of land which he rented to one Whitehead by a written contract which provided that the land should not be sublet without plaintiff's consent. Plaintiff took Whitehead's note for the rent money. The verdict being for the defendant, we must assume to be true all that which the evidence in his behalf tends to prove. There was evidence to the effect that Whitehead sublet a portion of the premises to defendant and that before the latter rented of Whitehead he talked with plaintiff about it and plaintiff encouraged him to rent it. Defendant then asked him what he had for security for the rent and he answered nothing but Whitehead's note, and that "was good." That another wanted to rent of Whitehead but that he, plaintiff, had told the latter to let defendant have it. That he would not have rented if plaintiff had not positively told him he only held Whitehead's note for security for rent. That afterwards plaintiff requested that he buy Whitehead's crop, or a part of it, as he thought the latter was wasting

it, and that he would wait on him for the rent money. That he had put Whitehead's note in the hands of Morris Brothers and when defendant paid anything on his crop purchase from Whitehead, to pay it there so it would be put on his note and he would get it. That he did so pay to Morris Bros. $45.50. There was much more evidence, the tendency of which was to prove a waiver by plaintiff of his landlord's lien.

Plaintiff takes the position that the evidence does not tend to show a waiver, but in this we regard him as clearly in error,—and whether there was a waiver was an issue of fact fully and properly submitted by the instructions of the court, one of plaintiff's being amended by the court so as to keep that phase of the case before the jury. The legal question in the case is governed by what was said in Fulkerson v. Lynn, 64 Mo. App. 649. The verdict was manifestly for the right party and is affirmed. All concur.