ALBERT TIPTON, ADMINISTRATOR, RESPONDENT, v. EDITH MCCLARY, ADMINISTRATRIX, APPELLANT.

ALBERT TIPTON, ADMINISTRATOR, ETC., APPELLANTS, v. EDITH MC-CLARY, ADMINISTRATRIX, ETC., RESPONDENTS.—54 S. W. (2d) 490.

Kansas City Court of Appeals.  October 3, 1932.

Certiorari denied by Supreme Court, January 17, 1933.

*P. M. Marr,* and *Rieger* and *Rieger* for McClary, Administratrix.

*Kitt & Marshall, Randall R. Kitt, W. A. Lintner,* for Tipton, Administrator.

TRIMBLE, P. J.—The suit herein originated in the probate court of Sullivan county, Missouri, and is over the distribution, or disposition to be made, of the personal estate of Dennis McClary, deceased, who was a World War Veteran.

At the time of his death he held a $10,000 policy of War Risk insurance on his life payable by the U. S. Government. Of this $5000 was designated as payable to his wife, or widow, Nellie McClary, (now Nellie McClary Tipton, she having thereafter married Albert Tipton). The other half, or $5000, was designated as payable to his mother, Edith McClary.

The beneficiary of said insurance, Nellie McClary, collected of the Government $2200 prior to her death, which occurred December 29, 1928, leaving a balance of $2800 due from the Government on her half of said insurance. This uncollected insurance was, under the law, payable to the estate of Dennis McClary, deceased.

Edith McClary, mother of Dennis McClary, deceased, was appointed Administratrix of his estate, and as such administratrix collected the said $2800 from the U. S. Government, belonging to the estate of Dennis McClary, deceased, said sum being the balance of said Insurance theretofore payable by the Government on the life of said Dennis McClary, deceased, to said Nellie McClary, now Tipton. All the debts of said estate having been paid, there remains the sum of $2765, arising solely from said insurance, and now is for distribution to whomever is now entitled thereto under the law.

Dennis McClary left no children nor descendants of any deceased children; but did leave his widow, Nellie McClary now Tipton, and his mother Edith McClary, a sister Mary T. Todd and a brother Robert McClary.

Upon the death of Nellie McClary Tipton in December, 1928, her husband, Albert Tipton, was appointed administrator of her estate, and on August 11, 1931, he filed in said Sullivan Probate Court a petition for order of distribution in the Dennis McClary estate claiming and asking that he, as administrator of Nellie McClary Tipton's estate, is entitled to *all* of said sum of $2765, based upon two grounds.

1. That Nellie McClary Tipton, widow of Dennis McClary, deceased, was entitled to one-half of said sum under the law.

2. That her said estate was entitled to the other one-half of said fund by reason of a settlement, made by Nellie McClary Tipton, April 14, 1919, with the mother, sister and brother of Dennis McClary, deceased, (who otherwise would have been entitled to the last mentioned one-half of said estate), whereby they *released* unto said Nellie McClary Tipton all right in the personal estate of Dennis McClary and the same became vested in the said Nellie McClary Tipton.

Edith McClary, Administratrix of the estate of Dennis McClary, deceased, filed answer specifically denying that *any* of the fund in her hands as Administratrix belongs to plaintiff Albert Tipton, Administrator, but that the same is to be distributed by her to the representatives of Dennis McClary as of the date of the death of Nellie McClary Tipton, to-wit, December 29, 1928.

Said answer further denied that there was any settlement, compromise, assignment or *release,* of said funds to any one; that any alleged, purported settlement, assignment or release is without consideration and void, and therefor she prayed that distribution be made pursuant to and under Section 303, R. S. Mo. 1929.

On September 22, 1930, the probate court heard the matter, and, finding that said Administrator Tipton was not entitled to any distribution or interest in the funds of the estate of Dennis McClary, deceased, dismissed the plaintiff's application.

Plaintiff thereupon appealed to the Circuit Court of Sullivan County, Missouri, where the same was heard by the court without a jury, and judgment was entered finding that plaintiff Albert Tipton, Administrator, was entitled to one-half of the war risk insurance now held by Edith McClary, Administratrix, and presumably (though not expressly saying so), the heirs of Dennis McClary, i. e., his mother, brother and sister, were entitled to the other half. The plaintiff, Administrator Tipton, and the defendant Edith McClary, Administratrix, each appealed, which accounts for the two numbers of the cases docketed, but the two were consolidated at the hearing in this court.

At the hearing in the circuit court, an agreed statement of facts was filed showing :—

1. That James McClary, father of Dennis McClary, died intestate May 15, 1918, leaving surviving him his widow, Edith McClary, his two sons Dennis McClary and Robert H. McClary, and a daughter Mary Todd.

2. That Dennis McClary, at his death left his widow, Nellie McClary, his mother Edith McClary, a brother Robert McClary (or Robert H. McClary, being one and the same) and a sister Mary Todd, but no surviving children nor descendants of deceased children.

3. That Dennis McClary was in the War Service of the U. S. Government and died, intestate, while in said service on July 17, 1918.

4. That Dennis McClary held $10,000 in Government War Risk Insurance, with his mother as beneficiary of $5000 thereof and his wife, Nellie McClary, beneficiary as to the other $5000.

5. That on June 20, 1920, Nellie McClary, widow of Dennis McClary, deceased, married Albert Tipton, and died intestate, December 29, 1928, leaving no children, nor descendants of deceased children, a father, Sam Finchum and her mother Mattie Finchum, and, of course, her widower, Albert Tipton, which last was appointed administrator of his wife's estate January 23, 1929.

6. That up to the date of Nellie McClary Tipton's death she had drawn, in monthly installments of $28.75, an amount which left an amount in unpaid monthly installments yet due, the present value of which, at the date of her death, was $2800.

7. That Edith McClary, mother of Dennis McClary, deceased, was on April 29, 1929, appointed administratrix of the estate of Dennis McClary, deceased, and the U. S. Government paid to her as such administratrix the said sum of $2800 from that portion of the insurance of which Nellie McClary was the beneficiary. It had nothing to do with, and is no part of, the insurance due Edith McClary and of which she was the beneficiary, and which she continues to draw monthly.

Plaintiff thereupon offered in evidence a warranty deed from Edith McClary, Mary T. Todd and husband, and Robert H. McClary, single, to Nellie McClary to 120 acres of land in Sullivan county. Also, a deed from Nellie McClary to Edith McClary, Mary Todd and Robert H. McClary to 210 acres of land in said county, both deeds being for a consideration of $1.00, and dated April 14, 1919.

The above lands described in said deeds belonged to James McClary, deceased, and were a part of his estate.

The above deeds having been admitted in evidence over the objections of defendant, plaintiff introduced in evidence the agreement under which he claims the aforesaid *other* half of said $2765 in the estate of said Dennis McClary, deceased, now ready for distribution. Said agreement is Plaintiff's Exhibit 3 and reads as follows:

"Milan Mo., April 14, 1919.

"We hereby waive all rights in the personal estate of Jno. D. McClary and release all claims and demands against said personal estate.

"(Signed)    Edith McClary
"Mary T. Todd
"Robert McClary."

The record shows that Jno. D. McClary is the same as Dennis McClary.

It was further agreed that there was no administration on the estate of James McClary, deceased, and none on the estate of Dennis McClary, deceased, until April 29, 1929, when Edith McClary was appointed his administratrix as heretofore stated, and that at the death of James McClary all of his children were of age and those heretofore named as surviving him were all of age.

Plaintiff then introduced Sam Finchum, father of Nellie McClary Tipton, deceased, who testified that he was present at a meeting of Nellie McClary, widow of Dennis McClary, deceased, with Edith McClary, his mother, Mary T. Todd and Robert McClary, his sister and brother, and Ralph Todd. These, (with Mrs. Nellie McClary's lawyer, John Clapp, and the lawyer for the Dennis McClary's heirs, D. M. Wilson, both of which lawyers are now dead), were all who were present except witness Finchum; that Wilson wrote the agreement and the Dennis McClary heirs signed it. Plaintiff then sought, through the testimony of witness to show by the conversation of the parties just before and at the time of signing it, that they were reaching a settlement of the estate of John Dennis McClary. Objection was made to the witness detailing the conversation on the ground that Finchum, being an heir of Nellie McClary, now Tipton, who claimed, under the purported waiver or agreement, was an incompetent witness. This was overruled "conditionally." When the witness was asked to give the conversation between the parties to the agreement, defendant objected on the ground that this was an attempt to explain a written instrument by oral testimony and that any conversation at the time of signing the instrument merged in the written instrument. These objections were sustained.

The inventory and appraisement filed by Edith McClary, Administratrix of the estate of Dennis McClary, deceased, were introduced but contained *no property* other than the $2800 "insurance due from the United States" and her first settlement filed November 12, 1929, shows the said $2800 to be the *only property* belonging to said estate.

This was all of the evidence offered by plaintiff.

Defendant then placed Mrs. Edith McClary on the stand, who, notwithstanding her inventory and appraisement, both of which were sworn to by her, testified over the objections of plaintiff that Dennis McClary "owned some" personal property. Further examination disclosed that the "some property" consisted merely of a buggy. Doubtless, plaintiff, in relying on the inventory and appraisement, was attempting to show that the Government War Risk insurance was all the personalty Dennis McClary had and hence the agree-

ment or waiver could apply only to it; while defendant, in showing that he had a buggy, was attempting to show that he did have personal property on which the waiver could operate.

Section 514, of 38 U. S. C. A. provides that:

"if the designated beneficiary (Nellie McClary) . . . survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, *there shall be paid to the estate of the insured* the *present value* of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award. . . ." (Italics ours.)

Under that law, the U. S. Government paid to Nellie McClary, designated beneficiary of $5000 of said insurance, a monthly sum of $28.75, and up to the date of her death on December 29, 1928, she had received such sum as left the remainder unpaid monthly installments worth, at their then *present value,* $2800 which, under the above mentioned Section 514, vested in the estate of Dennis McClary, deceased, as of the date of his death, and, less debts and costs of administration in this particular case, became payable to the heirs and distributees of said estate.

Under said Sec. 514, said Dennis McClary had a *vested interest* in the proceeds of that part of the war risk insurance held by him and going to his widow as designated beneficiary, which, although *contingent* upon her surviving him and then dying before having all of it paid to her, nevertheless was a part of the personalty of his estate descendible, under the law of Missouri, to whomever that law provides or directs. William v. Eason, 114 Southern Rep., 338, 340; and these are to be determined *as of the death of the insured* rather than as of the death of the beneficiary. In re Root's Estate, 226 N. W. 598; Pivonka v. Pivonka, 211 N. W. 246. As Dennis McClary died without a will the fund so paid to his estate must be distributed according to the intestacy laws where he lived. [Deeble's Estate v. Tepper, 136 Atl. 536. See also Branch B. & Tr. Co. v. Brinkley, 144 S. W. 530; Singer v. Tikalshy, 213 N. W. 479; Condon v. Mallen, 30 Fed. (2d) 995; Price v. McConnell, 149 S. E. 515; Turner v. Thomas, 30 S. W. (2d) 558; In re Ogilvie's Estate, 139 Atl. 826; Petition of Robbins, 140 Atl. 366; Battaglia v. Battaglia, 290 S. W. 296; Singleton v. Cheek, 52 Sup. Ct. Rep. 257.]

Now, since Dennis McClary died without children, his widow was entitled to "one-half of the real and personal estate belonging to the husband at the time of his death, absolutely subject to the payment of the husband's debts." Section 325, R. S. Mo. 1929. And she does not have to file an election to get it. [Brown v. Estate of Tucker, 135 Mo. App. 598.]

So that the trial court's order of judgment awarding one-half of said fund to plaintiff as the personal representative of Nellie McClary, wife and widow of Dennis McClary, deceased, but who is now the wife of plaintiff Tipton, was correct and must be affirmed. Edith McClary, administratrix of the estate of Dennis McClary, deceased, and the other two heirs of said decedent contend otherwise, urging that the point thus decided has not been passed on by the appellate courts of this state; that the case of Sutton's Executrix v. Barr, Admr., 293 S. W. 1075, holds otherwise and that we should follow it. We are, of course, not bound by it. But it must be remembered that the U. S. Government as the originator or, indeed, rather the *creator* of the fund has the undoubted right to direct the devolution thereof upon the death of the beneficiary before the whole sum is paid to her, even though such direction should "deprive those within the permitted class of the right to take or share in installments unaccrued at the date of the death of the beneficiary, or diminish such right." · 55 A. L. R. 594 Note (a), 596 (c). It would seem that the Sutton case was decided on the law as it existed prior to the amendment of March 4, 1925, which omitted the limitation of payment to those within the permitted class. At any rate, when the Federal statute directs, generally, and *without limitation,* that the unpaid fund, after the death of the beneficiary, shall go to the estate of the insured, it means that it shall be distributed according to the law of the state wherein such estate is; there is no room for construction as to the *spirit and intent* of the statute, we must do as it directs. The title to the fund created by a policy of war risk insurance and payable to a named beneficiary *is not vested* in the beneficiary, so that installments unaccrued at the date of her death pass to her estate, but go to the estate of the *insured,* and Congress had the power to so direct and to provide for their distribution by the Amendment of March 4, 1925. [Pivonka v. Pivonka, *supra.*] And a beneficiary in a policy of war risk insurance has no such vested interest therein as will prevent Congress from giving the balance of the insurance due at the beneficiary's death to the estate of the insured, and there is no constitutional inhibition against Congress enacting such amendment. [Palmer v. Mitchell, 158 N. E. 197.] Of course, if insured left a will directing where it should go, it would go as therein directed. [Gunn v. Yancey, 33 S. W. (2d) 1029.] The case at bar, however, is one where the insured died intestate, though, if there had been a will, doubtless the widow could by her election, necessary under those circumstances, refuse to abide by it if it were not in her favor.

What about the disposition of the other one-half of Dennis McClary's personalty or estate? The agreement of the heirs of said

Dennis McClary clearly and unequivocally waive and release all claims to said personal estate. They were all *sui juris* and competent to waive. It was done in writing and on the same date as the deeds exchanged between the said widow and the heirs dividing the lands of James McClary, deceased, and apparently was a part of that division. However, we need not go into the question whether it was a part of any settlement or division, since it is not necessary for any such waiver or release to express or need a consideration to support it. [Griffith v. Gillum, 31 Mo. App. 33, 41; Wimp v. Early, 104 Mo. App. 85, 89, 90; Hayes v. Manning, 263 Mo. 1, 46-47; Fulkerson v. Lynn, 64 Mo. App. 649; Roberts v. Hodges, 222 S. W. 859, 861-2.]

The waiver and release is in no sense an assignment. It is not ambiguous or uncertain, it is a "letting go" of the personalty of the estate of Dennis McClary, deceased. The personalty here involved in this suit was, at the time of his death a *contingent* interest in the unpaid insurance remaining after the death of the designated beneficiary, and such contingent interest was vested in said estate. When his heirs let go thereof there was only one person to whom it would go under the law, i. e., Nellie McClary Tipton, who was Dennis McClary's widow. She became entitled to it all.

The case of Perrydore v. Hester, 110 So. 403, is of no aid to defendants. That was a case where the fund involved was subject to the terms of the *original Act*, i. e., before the Amendment of March 4, 1925. The beneficiary died *before* the insured, and no other beneficiary was designated, and upon insured's death, the fund went to his widow and only child, his heirs and distributees under the state law. This is all that was decided.

Under our view of the matter the judgment of the trial court, inso far as it awards one-half to the administrator of Nellie McClary Tipton's estate should be affirmed; but the judgment, insofar as it awards the other half of the estate to the three heirs of Dennis McClary, deceased, should be reversed and remanded with directions to render judgment in favor of plaintiff administrator for that half also; in other words, to render judgment in favor of said plaintiff for all the personalty of the estate of Dennis McClary, deceased, *now on hand*. It is so ordered. All concur.