## UNITED STATES v. MALLERY et al.
### No. 283.

Circuit Court of Appeals, Second Circuit.
March 16, 1931.

R. M. Page, of Johnson City, N. Y., for appellant.

Frederick E. Hawkes, of Waverly, N. Y., for appellees.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y., for the United States.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

George Sidney Mallery, a soldier in the American Army during the late war, on November 20, 1917, took out insurance upon his life for $10,000 under the War Risk Insurance Act of October 6, 1917 (40 Stat. 398). He designated as beneficiaries of such insurance his mother for the sum of $5,000, and his father, the present appellant, for the sum of $5,000. He died in France in October, 1918, and thereafter payments on account of such insurance were made to his father and mother, respectively, each receiving the sum of $28.75 monthly until the mother's death on or

about May 22, 1922. Shortly thereafter the question arose whether future installments on that half of the insurance of which the mother had been named beneficiary were payable to the father or to the deceased soldier's estate. The soldier was survived by a widow and a minor daughter, who are appellees, as well as by his father and mother. By a nuncupative will duly admitted to probate in a Surrogate's Court for the county of Tioga, N. Y., he declared that he wanted his father and mother to have all his insurance and his wife to have none of it. The surrogate's decree adjudged the will valid to pass personal estate, but decreed that, since no provision had been made for the testator's daughter, who was born subsequent to the making of his will, she was entitled to the same portion of his estate as would have been distributable to her had he died intestate. This decree was affirmed on appeal without opinion. Matter of Mallery's Will, 127 Misc. Rep. 784, 217 N. Y. S. 489, affirmed, 220 App. Div. 794, 221 N. Y. S. 859, and 247 N. Y. 580, 161 N. E. 190.

The father does not claim the insurance as a legatee under his son's will. He contends that the will operated as a designation of himself as beneficiary of installments falling due after the mother's death; that is, he claims under the contract of insurance and the federal statutes applicable thereto, not under the will as a testamentary disposition. If the will is sufficient as a designation of the father to receive installments payable after the mother's death on that portion of the insurance as to which she was named by the insurance certificate as beneficiary, it is apparent that the ground is cut from under the will as a testamentary disposition; no such installments are left to pass under it for they never became estate of the testator. The correctness of this contention is the principal question raised by the appeal.

War risk insurance is of a peculiar nature, and differs from an ordinary policy of insurance payable to a named beneficiary. Under the ordinary policy, a beneficiary, who survives the insured, obtains a right to be paid the full amount of the policy; but a contract for war risk insurance, by virtue of the statutes authorizing it, provides only for a series of monthly payments to the beneficiary while he lives[1]—in effect, a life interest—thus leaving a "remainder" not disposed of by the original designation. This so-called re-

mainder will fall into the estate of the deceased soldier if no person within the permitted class of beneficiaries be designated "by the insured either in his lifetime or by his last will and testament." Act Oct. 6, 1917, 40 Stat. 410 § 402; 43 Stat. 1310, 38 USCA § 514. Treasury Regulation No. 14 (T. D. 25 W. R.), applicable to war risk insurance, also provides that "a change of beneficiary" may be effected by the insured's will. Thus both the statutes and regulations recognize the power of the insured to designate a beneficiary by will, and the question in the case at bar becomes one of construing the testator's will to determine whether it expresses an intention to designate his father as beneficiary of the "remainder" of the $5,000 of insurance in which his mother had a "life interest."

The statements probated as the soldier's will recite that he had made out his insurance to his father and mother equally "and wanted them to have it all if anything happened to him." "Said if he did not come back the insurance would leave his father and mother pretty well fixed. Whatever he had coming, wanted it to go to them. That he wanted his wife to have none of it, nothing that was his." These declarations were made both before and after the soldier signed his application for insurance, and the appellees contend that the earlier declarations merely state what he proposed to do, and the later what he had done, in respect to taking out insurance. Hence, it is argued they disclose no intention either to change or to add to the designation made in his application. Were this argument to prevail, it would prove that the declarations were not testamentary. Satar's Estate, 275 Pa. 420, 422, 119 A. 478. But that issue has been conclusively settled against appellees by the admission of these words to probate as the soldier's will. They clearly indicate the testator's wish that all the insurance be paid to his parents. He expressly excluded his wife. There is evidence indicating that he knew of the advent of the child and disclaimed it. While he could not disinherit his child as to estate passing under his will, he could exclude it from the insurance by designating his parents as sole beneficiaries thereof. It is true that the will does not in very words direct that installments on his mother's half of the insurance shall after her death be paid to his father, but the use of technical words to create a joint tenancy, or a tenancy in common with cross-remainders raised by implication, is not necessary even with respect to ordinary property. See Overheiser v. Lackey, 207 N. Y. 229, 233, 100 N. E. 738, Ann. Cas.

---

[1] See Salzer v. United States, 300 F. 767 (C. C. A. 2); Cassarello v. United States (D. C.) 271 F. 486, affirmed 279 F. 396 (C. C. A. 3); United States v. Woolen, 25 F.(2d) 673 (C. C. A. 6); White v. United States, 270 U. S. 175, 46 S. Ct. 274, 70 L. Ed. 530.

1914C, 229; Purdy v. Hayt, 92 N. Y. 446, 454. Much less should it be necessary when war risk insurance is involved. There the courts have gone to great lengths to give effect to the soldier's actual intent, however informally expressed[2]—farther, perhaps, than we should be willing to follow in some of the cases. In the case at bar it puts no strain upon the testator's language to construe it as expressing an intent to have the father receive installments accruing on the mother's share of the insurance after her death. We hold that the will was a valid designation of the father as beneficiary of such installments.

■ The appellees contend that the father is estopped to assert such a claim because of the surrogate proceedings which he initiated and in which he conceded that "the only estate left by the testator is the insurance." The decree below adjudged that he was so estopped. With this conclusion we cannot agree. The issues before the surrogate were whether the decedent left a will and whether it was valid as against his child for whom no provision had been made. On those issues the surrogate's decree is conclusive. But whether the will could operate under the federal statutes as a designation of a beneficiary of the insurance is a question not before the surrogate, and one which the District Court was free to determine for itself. Nor did the surrogate adjudge what estate the testator left. Jurisdiction for probate of the will rested upon the residence of the testator (New York Surrogate's Court Act, § 45), and what personal property comprised his estate was neither an issue, nor a fact material to any issue, before the surrogate. Hence it is impossible to see how anything which the parties may have stipulated as to insurance can estop the father from now asserting that the will operated as a designation of installments falling due after the mother's death. Moreover, the concession will not bear the construction ascribed to it, for it was also conceded that the federal statutes relative to the war risk insurance are "to avail for all purposes in this proceeding." Hence it is apparent that rights conferred by such statutes were not intended to be waived;

and the first-quoted portion of the concession may still be given effect, for, should the father die before receiving full payment of the insurance, unmatured installments, since there is no other designated beneficiary, will apparently, though the question is not now before us, fall into the son's estate. Consequently the claim of the appellant was open for consideration by the District Court, and should have been decided in the manner above indicated.

■ We are asked to allow interest upon the unpaid installments, but no statutory authority has been discovered to justify it. Cf. United States v. Woolen, 278 U. S. 665, 49 S. Ct. 249, 73 L. Ed. 571.

The decree is reversed, and the cause remanded for further proceedings in conformity with the foregoing opinion.

[2] Construing valid wills. United States v. Napoleon, 296 F. 811 (C. C. A. 5); McCarty v. Haley, 36 F.(2d) 201 (C. C. A. 7); State Bank & Trust Co. v. United States, 16 F.(2d) 439 (C. C. A. 6); Reivich v. United States, 25 F.(2d) 670 (C. C. A. 6). Construing invalid or unprobated wills. Johnson v. White, 39 F.(2d) 793 (C. C. A. 8); Helmholz v. Horst, 294 F. 417 (C. C. A. 6); Schroeder v. United States, 24 F.(2d) 420 (D. C. Ohio). Construing letters, etc. Gregg v. United States, 15 F.(2d) 8 (C. C. A. 7); Claffy v. Forbes, 280 F. 233 (D. C. Wash.). Cf. Gifford v. United States, 289 F. 833 (D. C. N. J.); Chichiarelli v. United States, 26 F.(2d) 434 (D. C. Colo.).