### UNITED STATES v. OLIVER et al.
### No. 6734.

Circuit Court of Appeals, Ninth Circuit.
May 31, 1932.

Geo. J. Hatfield, U. S. Atty., and H. A. Van Der Zee, Asst. U. S. Atty., both of San Francisco, Cal.

Alvin Gerlack and Frederic C. Benner, both of San Francisco, Cal., for appellee.

Before SAWTELLE, Circuit Judge, and NETERER and ST. SURE, District Judges.

NETERER, District Judge.

This appeal is to reverse a judgment entered in favor of plaintiff individually and as administratrix on a war risk insurance policy, for installments from date of total permanent disability to date of death, as administratrix, for $7,500 on a $10,000 policy, and also from an order permitting amendment of the complaint during the trial.

The deceased had the usual $10,000 policy. In the complaint it is alleged total permanent disability from date of discharge, December 19, 1918, and payment of premiums until August 30, 1920. Upon trial it developed that the policy lapsed within a month after discharge for nonpayment of premiums, and that on July 1, 1920, the policy was reinstated, but again lapsed on August 30, 1920. The insured died May 12, 1927, of tuberculosis. He had been a beneficiary of the Veterans' Bureau for several years. He made claim of total permanent disability October 23, 1926, and was rejected. Upon development of the reinstatement and lapse, the court permitted an amendment to the complaint to accord with the proofs. The original policy was made payable to the insured's mother and sister, and on August 5, 1925, he canceled all "previous designations of beneficiaries" and directed $2,500 of the policy be paid to his wife, the plaintiff. The jury re-

turned a verdict in favor of the plaintiff and fixed the date of his total permanent disability beginning July 1, 1920. Upon the verdict, judgment was entered for plaintiff, as administratrix, for the installments due from July 1, 1920, to May 12, 1927, and individually for the accrued installments on $2,500 from July 1, 1920, to the date of death.

First. Error is claimed for entering judgment in favor of plaintiff as administratrix for the installments on the $7,500 insurance from date of total and permanent disability to date of death. Second. Error in permitting amendment of the complaint.

Appellant concedes in brief that, if the verdict responds to the pleadings and the evidence, it was proper as to the benefits owing to the estate. As to the benefits to the plaintiff individually, if the attempted change of beneficiary is valid, it is conceded that the judgment in that respect is right. The judgment also was to the plaintiff as administratrix for the present value of the monthly installments of $7,500 represented by the monthly payments.

From the record there is no question but that the proof is sufficient to establish reinstatement of the $10,000 policy, as found by the jury; and we think it is likewise clearly shown by the photostatic copy of the change of beneficiary and cancellation of former beneficiaries. This is in conformity with the rules of the Bureau. The mother and sister had no vested interest in the policy. The sole power of change of beneficiary was with the insured; and this was fully and fairly exercised. There is likewise no apparent reason why the insured may not designate any qualified beneficiary for a part of the policy. The rules of the department and the law pertaining to change of beneficiary were discussed in Claffy v. Forbes (D. C.) 280 F. 233, and the law and rules there referred to have application here. The cancellation of all previous designations left the estate of the insured the beneficiary. The policy was a contract between the government and the insured, and the mother's and sister's interest vested only and was predicated upon the conditions existing between the government and the insured. The expressed stipulation of the cancellation must control; and any interest of the mother and sister rests in the estate, and vested by descent under state law. It is so stated, but not decided because not before the court, in United States v. Mallery (C. C. A.) 48 F.(2d) 6. There was no error in allowing the amendment. There was no prejudice to appellant. All of the facts were fully known to it. Under the express provisions of sections 469, 470, and 473 of the Code of Civil Procedure of California, and Conformity Act (28 USCA § 724), the power of the court cannot be successfully challenged. Hancock v. Board of Education, 140 Cal. 554, 74 P. 44; Title Ins. Co. v. Miller & Lux, 183 Cal. 71, 190 P. 433.

The third item in the judgment, suggested in the brief but not claimed or set out in the petition under rule 11 of this court, will not be considered. The rule provides that errors not assigned will be disregarded.

Affirmed.