# OCTOBER, 1938.

STATE OF MISSOURI AT THE RELATION OF LAURA J. LANKFORD, PLAINTIFF, v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND, A CORPORATION, RESPONDENT; LAURA J. LANKFORD, ADMINISTRATRIX DE BONIS NON OF THE ESTATE OF CHARLES LANKFORD, PETITIONER FOR WRIT OF SCIRE FACIAS, APPELLANT.—123 S. W. (2d) 552.

In the Springfield Court of Appeals. December 5, 1938.

*Emerson Foulke* for plaintiff, and for *Laura J. Lankford,* administratrix, *de bonus non,* for appellant.

*A. R. Dunn* and *L. D. Rice* for respondent.

*Paul E. Bradley* and *Grant Emerson* for Intervenors Lolou Rogers et'al.

*Paul E. Carver* for Intervener·D. E. Dorsey, Administrator *de bonus* non.

SMITH, J.—This is the third time this case has been to this court on appeal. In the first instance, the opinion is reported in 74 S. W. (2d) 904. In the second appeal the case is reported in 99 S. W. (2d) 476. A reading of those opinions will show the questions at issue in each of those appeals.

. When the case was before us on the first appeal the plaintiff, Laura J. Lankford was asking for all the balance then due as the sole and only heir or distributee of the estate of Kent H. Lankford, a World War Veteran. We reversed and remanded the case because of errors in that proceeding. The reasons may be found by referring to 74 S. W. (2d) 904.

The cause was tried again in the circuit court and appealed again to this court. This court reversed and remanded the case, with directions. Those interested may find the holdings of this court in 99 S. W. (2d) 476.

The record before us on the present appeal shows that the trial court, in compliance with our directions in the second remanding of the case, on May 13, 1937, entered the following judgment:

"Now on this day, the above entitled cause coming on for disposal, and the mandate of the Springfield Court of Appeals having been filed herein, and said mandate having directed that the judgment hereinbefore rendered by this court in this cause be reversed, annulled and for naught held and esteemed and having directed a judgment in favor of the plaintiff and against the defendant in the amount of two hundred forty-eight dollars and fifty cents ($248.50), and the defendant having heretofore on the 31st day of October, 1935, tendered into court the said sum of two hundred forty-eight dollars and fifty cents ($248.50); and the court being fully advised in the premises, the court finds that the plaintiff is entitled to recover against

the defendant upon the bond sued upon, and further finds that the amount of plaintiff's damages is the sum of two hundred forty-eight dollars and fifty cents ($248.50).

"It is therefore ordered, adjudged and decreed that the judgment of this court, hereinbefore rendered in this cause on the 31st day of October, 1935, be and the same is hereby set aside, annulled and for naught held and esteemed.

"It is further ordered, adjudged and decreed by the court that plaintiff have and recover of the defendant on said bond the sum of twelve thousand dollars ($12,000.00), the penalty of said bond, together with her costs herein incurred to and including the 30th day of October, 1935, the date upon which defendant made said tender, and that costs thereafter accruing be charged and taxed against the plaintiff; that plaintiff's damages be fixed at the sum of two hundred forty-eight and 50/100 dollars ($248.50), and defendant having heretofore paid into court the sum of $248.50, and costs herein, including to the 31st day of October, 1935, that said sum of $248.50 shall be applied in full satisfaction of this judgment against defendant, and that no execution shall issue against the defendant herein."

Briefly stated, the facts developed in the two prior trials show that Kent H. Lankford was a World War Veteran and as such was insured in the sum of ten thousand dollars in which his father, Charles Lankford was named as beneficiary. Kent H. Lankford died and certain monthly installments from said policy were paid to his father Charles Lankford and until Charles Lankford died. At the death of Charles Lankford, there was a balance due from the United States Government of the insurance upon the life of Kent H. Lankford in the sum of $6130. A. L. Box was appointed administrator of the Estate of Kent H. Lankford and gave a bond as such administrator with the Fidelity and Deposit Company of Maryland, as surety. The Kent H. Lankford Estate was administered and all the debts paid leaving a balance of $5597 in that estate for distribution. One-half of the above amount was disposed of in the last opinion of this court and as entered by the trial court in its judgment heretofore quoted in this opinion showing that Laura Lankford, the plaintiff in the original suit, was entitled to a balance at that time of $248.50, which amount had been previously tendered by the defendant surety company. After this decree had been entered by the trial court, there remained a balance of $2798.50 which had not been distributed, and it is over this balance that this appeal is concerned.

After the trial court's judgment as above quoted was entered, then on May 29, 1937, Laura J. Lankford, administratrix *de bonis non* of the estate of Charles Lankford, deceased, was permitted to file a petition for a writ of *scire facias*. Thereafter on October 27, 1937,

she filed an amended petition. This amended petition, caption and signature omitted, is as follows:

"Comes now Laura J. Lankford, administratrix *de bonis non* of the estate of Charles Lankford, deceased, and with leave of court first had and obtained, files herewith her first amended application for writ of *scire facias* and states that she was duly appointed as administratrix *de bonis non* of the estate of Charle Lankford by the probate court of Newton County, Missouri, at the ........ Term, 1932, of said court and that she duly qualified as such administratrix and is now acting in said capacity.

"Your petitioner further states that heretofore, to-wit, on the ........ day of .........., in this court in this case, a judgment was rendered against the defendant in the amount of $12,000.00 for the penalty of a certain administrator's bond executed by said defendant in the Probate Court of Newton County, Missouri, as surety for A. L. Box, the administrator of the estate of Kent H. Lankford, deceased, and that said judgment forfeiting said bond remains as security for any other damages sustained as a result of other breaches of the condition of said bond, the performance of which was secured by the said bond.

"Your petitioner further states that the defendant, by the terms and conditions of said bond, bound itself, its heirs, executors, administrators and assigns, jointly and severally, unto the State of Missouri, to the faithful administration of said estate, to the proper account for, payment and delivery of all money or property of said estate and the performance of all other things touching said administration, required by law on the order or decree of any court having the jurisdiction thereof, by the said A. L. Box, administrator as aforesaid of the estate of Kent H. Lankford, deceased, as by law in which cases made and provided; that a certified copy of said bond is a matter of record in this case.

"Your petitioner further states that at the August Term, 1929, of the Probate Court of Newton County, Missouri, the said administrator, A. L. Box, filed his final settlement of the estate of Kent H. Lankford, deceased; that said settlement disclosed that the balance of the assets of the estate of Kent H. Lankford, after deducting $533.00, was $5597.00, and said amount was charged against him, the said A. L. Box, as administrator.

"Your petitioner further states that the said Kent H. Lankford, deceased, was a war veteran; that the money received by the said administrator, A. L. Box, for the estate of Kent H. Lankford was the proceeds of a war risk insurance policy; that the said Kent H. Lankford died intestate and that his only heir at law surviving him at the time of his death was Charles Lankford, his father; that your petitioner, for the estate of the said Charles Lankford, the sole heir of the

estate of Kent H. Lankford, is entitled under the law to the distribution of all the assets remaining in the estate of Kent H. Lankford, deceased, for distribution by her as such administratrix, to the persons entitled to receive the same under the law.

"Your petitioner further states that all the debts of the estate of Kent H. Lankford, deceased, have been paid and that more than one year has elapsed since letters of administration have been granted to A. L. Box, administrator, and he qualified as such administrator; that after the payment of debts of the estate of Kent H. Lankford, deceased, one-half of the amount remaining in the estate has been paid to one Laura J. Lankford, as the widow of Charles Lankford, deceased, and that the administrator of the estate of Kent H. Lankford is charged with the sum of $2798.50, the remaining one-half of the funds of said estate, and that said sum became and was due to this petitioner as administratrix of the estate of Charles Lankford on the ........day of August, 1929, the date of the filing of final settlement in the estate of Kent Lankford, deceased, but that the said administrator of the estate of Kent Lankford then failed and refused and still fails and refuses to pay her, as administratrix *de bonis non* of the estate of Charles Lankford, deceased, for the use and benefit of said estate the said sum of $2798.50; that such failure of the administrator of the estate of Kent H. Lankford to pay your petitioner the said sum due the estate of Charles Lankford, deceased, is a breach of the said bond.

"Wherefore, plaintiff prays that the court assess the damages of the estate of Charles Lankford, deceased, at the sum of $2798.50, together with interest at the rate of six per cent (6%) per annum from August —, 1929, the date upon which the said distributive share became due and payable, and that the court order that execution issue for the amount of damages found to have been sustained as above set out and for the costs accruing by virtue of this application for a writ of *scire facias* and the hearing thereon."

After the above amended petition was filed there was filed on December 10, 1937, by Lolou Rogers, Edward A. Lankford, Nathan B. Lankford, Gladys M. Fowler, and James Lankford a petition of intervention for a writ of *scire facias,* in which they claimed that they were the heirs at law of Charles Lankford, deceased, and that they as such heirs were entitled to the remainder of this estate after Laura J. Lankford, the widow had received her share. Or in other words, they claimed they, as such heirs of Charles Lankford, were entitled to the $2798.50 remaining undistributed. We do not set out this petition in full. It alleges the source of the funds as coming from the U. S. Government as War Risk Insurance on the deceased soldier Kent H. Lankford. It is the contention of these petitioners that the balance of the insurance belonged to Charles Lankford, and that

after the death of Charles Lankford, it descended to the heirs of Charles Lankford.

After the above petition was filed by Lolou Rogers et al., there was on January 2, 1938, a petition for writ of *scire facias* filed by D. E. Dorsey, Administrator *de bonis non* of the estate of Kent H. Lankford. In this petition it was alleged, among other things, the fact of Kent H. Lankford's having been a soldier, his death, his father's having been named as beneficiary, the death of the father, and the amount of unpaid insurance at the date of the death of the father, the appointment of this petitioner as administrator *de bonis non* of the estate of Kent H. Lankford, deceased, and this petition continued as follows:

"Your petitioner further states that all the debts of the estate of Kent H. Lankford, deceased, have been paid and that after the payment of the debts of the estate of Kent H. Lankford, deceased, one-half of the amount remaining in the estate has been, by order of court, paid to one Laura J. Lankford, the widow of Charles Lankford, deceased, who was lawfully entitled thereto, and that the said A. L. Box, former administrator of the estate of Kent H. Lankford, is charged with the sum of $2798.50, the remaining one-half of the funds of said estate, and that it has not been lawfully distributed, and that the said sum became and was lawfully due to the petitioner as administrator *de bonis non* of the estate of Kent H. Lankford, deceased, on the 30th day of August, 1937, the date that he was lawfully appointed administrator *de bonis non* of the estate of Kent H. Lankford, deceased, and that demand was made by your petitioner on A. L. Box for the payment of said amount, but the said A. L. Box then failed and refused, and still fails and refuses to pay him as administrator *de bonis non* of the estate of Kent H. Lankford, deceased, for the use and benefit of said estate, the sum of $2798.50; that such failure of the administrator of the estate of Kent H. Lankford to pay your petitioner the said sum due the estate of Kent H. Lankford, deceased, is a breach of said bond.

"Wherefore, plaintiff prays that the court assess the damages of the estate of Kent H. Lankford, deceased, in the sum of $2798.50, together with interest at the rate of six per cent per annum from August 30, 1937, the date upon which said demand was made for said payment of the same, and that the court order that execution issue for the amount of damages found to be and sustained above set out, and for costs accruing by virtue of this application for a writ of *scire facias* and the hearing thereon."

After each of the foregoing petitions for writs of *scire facias* was filed, demurrers were filed as follows: On November 3, 1937, The Fidelity and Deposit Company of Maryland filed its demurrer to the amended petition of Laura Lankford, administratrix *de bonis non* of the estate of Charles Lankford, deceased, which demurrer alleges two grounds to-wit: "(1) That the petition or application does not

state facts to constitute a cause of action. (2) That the plaintiff has not the legal capacity to sue for the assessment of damages and the issuance of said writ of *scire facias* as prayed for in such application."

On January 3, 1938, defendant Fidelity & Deposit Company of Maryland filed a similar demurrer to the petition for *scire facias* of D. E. Dorsey, administrator *de bonis non*.

The record before us shows that on January 19, 1938, Lolou Rogers et al. filed an answer to the petition of D. E. Dorsey, administrator *de bonis non,* which answer is set out in the record. On January 20, 1938; Laura J. Lankford, administratrix *de bonis non,* filed her answer to the petition of D. E. Dorsey, administrator *de bonis non.*

The record shows that on January 25, 1938, D. E. Dorsey, administrator *de bonis non* filed his demurrer to the answer of Laura J. Lankford, administratrix *de bonis non* of the estate of Charles Lankford, and on the same date D. E. Dorsey, administrator *de bonis non* filed his demurrer to the answer of Lolou Rogers et al. On February 17, 1938, in vacation, Laura J. Lankford, administratrix *de bonis non* filed her demurrer to the petition for writ of *scire facias* of Lolou Rogers et al.

On February 18, 1938, in vacation Lolou Rogers et al. filed their demurrer to the petition for writ of *scire facias* of Laura Lankford, administratrix *de bonis non.*

The record shows that on February 19, 1938, at the January Term of said court the demurrers of the defendant Fidelity & Deposit Company of Maryland, and of Lolou Rogers, et al. to the petition for writ of *scire facias* of Laura J. Lankford, administratrix *de bonis non* of the estate of Charles Lankford, deceased, were taken up by the court and sustained. Laura J. Lankford, administratrix *de bonis non,* refused to plead further and stood upon her amended petition. On February 19, 1938, the trial court entered the following judgment:

"Now comes the plaintiff, Laura Lankford, administratrix, and refuses to further plead herein, electing to stand on her petition.

"It is, therefore, ordered and adjudged by the court that the petition of Laura Lankford, administratrix, be, and the same is hereby dismissed; that the defendant be discharged therefrom and recover of and from the said plaintiff its costs herein, and that execution issue therefor."

On the same day Laura J. Lankford filed her affidavit for an appeal, and her appeal to this court was granted. The record fails to show any disposition of the claims of the other petitioners. As presented to us on this appeal, the only question for determination is whether or not the trial court erred in holding that Laura J. Lankford administratrix *de bonis non* of the estate of Charles Lankford is not a proper party to bring this action.

Since this is the only question before us, we will answer it now, and give our reasons for our conclusions. We think the trial court

did not err in holding that the administratrix *de bonis non* is not the proper party to bring this action or to collect the balance due from this insurance. Right or wrong, all the issues in this case have been determined by the parties and by the previous decisions of the courts save and except the question of who is entitled to collect the unpaid balance from this insurance. It has been definitely determined by the courts that the distribution of the proceeds of War Risk Insurance is not made in all respects as distribution of ordinary property. By statutory enactment, it is provided that on the. death of the soldier the beneficiary named in his insurance policy shall receive the monthly payments, and if all payments under the policy have not been paid to the beneficiary at the time of the beneficiary's death the balance due from the policy after the death of the beneficiary must be paid to the administrator of the estate of the dead soldier. [38 U. S. C. A., sec. 514.] Many Federal Court decisions as well as decisions of our state courts have so construed this statute. Among these many decisions so holding are the following: In re Estate of Knight, 48 S. W. (2d) 71; Tipton v. McClary, 54 S. W. (2d) 490; United States v. Mallery, 48 Fed. (2d) 6; United States v. Oliver et al., 59 Fed. (2d) 55; Cassarello v. United States, 271 Fed. 486; Dowell v. United States, 86 Fed. (2d) 120, 122.

According to these decisions, in construing the statutory provisions, it is our conclusion that D. E. Dorsey, administrator *de bonis non* of the estate of Kent H. Lankford is the proper party to receive the proceeds of this insurance, and that the trial court did not err in sustaining the demurrer to the petition of Laura J. Lankford, administratrix *de bonis non* of the estate of Charles Lankford, deceased.

Since this case has been to this court so many times, the parties have asked that we indicate how these funds should be distributed. As above stated, it is our conclusion that D. E. Dorsey, administrator *de bonis non* of the estate of Kent H. Lankford deceased, is the proper person to receive and distribute the balance of this estate. According to the statute and the court decisions above cited, the interested parties are to be determined as of the date of the soldier's death. It is practically conceded by the parties to this litigation that Charles Lankford, had he been living, would have been entitled to the proceeds of this insurance. It follows then that his heirs would have been entitled to receive this fund from the administrator of the dead soldier. It is conceded by the parties here, or if not conceded, it has been determined by the litigation in the former hearings of this matter that Laura J. Lankford has received all that she is entitled to as the widow and heir of her deceased husband. It seems then that the administrator *de bonis non,* D. E. Dorsey, should finally settle the estate by paying the expense of administration with proved claims against the estate, if any, and then distribute the balance to the proved collateral heirs of Charles Lankford, deceased.

It follows that the judgment of the trial court in sustaining the demurrer to the petition in this case should be and is affirmed, and the cause is remanded for the trial court's disposition of the other petitions pending in that court.

*Allen, P. J.,* and *Fulbright, J.,* concur.