STATE OF MISSOURI, AT THE RELATION OF JAMES A. KOONTZ, ADMINISTRATOR, ETC., RESPONDENT, v. MABELLE WHITSETT WELLS, ET AL., APPELLANTS.—210 S. W. 2d 387.

Kansas City Court of Appeals. Opinion delivered February 9, 1948.

458

W. H. L. Watts and Walter A. Raymond for appellants.

460

*Martin J. O'Donnell* for respondent.

CAVE, P. J.—This is a suit in equity to recover an alleged trust fund alleged to be wrongfully withheld from plaintiff. Plaintiff recovered a money judgment against the defendants in the sum of $5,023.30. After moving unsuccessfully for new trials, the defendants bring their joint appeal to this court.

The pertinent facts and proceedings giving rise to this controversy are as follows:

In 1905, George P. Whitsett made his will, the material part of which is:

"I hereby give, devise and bequeath unto my wife Lavina Ann Whitsett all my property of which I may die seized of every kind, class and description whatsoever, both real, personal and mixed and wheresoever situate."

In 1918, while serving as a Lieutenant-Colonel in the United States Army, said George P. Whitsett obtained a policy of insurance in the sum of $10,000 on his life issued by the United States Government under the War Risk Insurance Act of 1917, naming his wife, Lavina Ann Whitsett, as beneficiary. He died in August, 1924, testate by reason of the execution of the aforesaid will. His widow, as the executrix named in said will, administered upon his estate in the Probate Court of Jackson County, Missouri, and the estate was closed and said executrix discharged. All debts of the estate were paid. Lavina Ann Whitsett died testate in the state of Pennsylvania on April 11, 1938. During the period of nearly fourteen years that she survived her husband Mrs. Whitsett received the monthly installments on this insurance from the United States Government. Following her death, her will was probated in Pennsylvania. Plaintiff was appointed ancillary administrator with the will annexed of the estate by the Probate Court of Jasper County, Missouri.

At the time of his death in August, 1924, George P. Whitsett left as his legal heirs, under the Laws of Descent and Distribution of Missouri, his widow, Lavina Ann Whitsett; a sister, Mabelle Whitsett Wells, and a niece, Laura Elizabeth Julian Beall, daughter and sole heir of Winifred Whitsett Julian, deceased sister of George P. Whitsett. At the time of the death of Lavina Ann Whitsett in 1938, the commuted value of the unpaid installments of said insurance policy amounted to $3,886.

On August 1, 1938, appellant Mabelle Whitsett Wells, applied to the Probate Court of Jackson County, Missouri, for letters of administration de bonis non on the estate of her brother, George P. Whitsett, alleging the discovery of new assets and such letters were issued to her. Appellant, Western Casualty & Surety Company, qualified as surety on her bond which was fixed in the amount of $4,000. Thereafter, on October 12, 1938, the Veterans' Administrator paid to said administratix as the person entitled to receive the same, the commuted value of the unpaid installments of said policy in the sum of $3,886.

On March 4, 1941, the Probate Court of Jackson County, Missouri, entered its order of distribution in said estate wherein it directed that the expenses of said administration should be paid and the remainder of said fund distributed, one-half to the administrator of the estate of Lavina Ann Whitsett; one-fourth to Mabelle Whitsett Wells, and one-fourth to Laura Elizabeth Julian Beall. From such order of distribution, James A. Koontz, administrator of the estate of Lavina Ann Whitsett, appealed to the Circuit Court of Jackson County. Upon a trial in the Circuit Court, judgment was entered directing the payment of the costs of administration, not to exceed the sum of $450, and directing the payment of the remainder of said fund to said James A. Koontz, administrator of the estate of Lavina Ann Whitsett. From this judgment, Mabelle Whitsett Wells, as administratrix d/b/n of the estate of George P. Whitsett, took an appeal to this court. Upon motion of respondent Koontz, administrator, this court dismissed that appeal for the reason Mrs. Wells, as administratrix of said estate, was not a *person aggrieved* so as to be authorized or entitled to take such appeal from an order of final distribution. In re Whitsett's Estate, 172 S. W. (2d) 965. In compliance with the mandate from the Circuit Court, the Probate Court spread of record said judgment of the Circuit Court. The date of this action by the Probate Court is not shown in the transcript. Our opinion was delivered in May, 1943. Mrs. Wells did not comply with that order.

On December 27, 1944, James A. Koontz, administrator, instituted this suit in the Circuit Court of Jackson County against Mabelle Whitsett Wells individually, and The Western Casualty & Surety Company to recover the full amount of the fund with interest thereon from the date Mrs. Wells received the money from the War Risk

Administrator. Thereafter, on November 20, 1945, plaintiff filed his amended petition on which the cause was tried. The basis of the cause of action stated in the amended petition is to the effect that the order of the Probate Court appointing Mrs. Wells administratrix d/b/n of the estate of George P. Whitsett was void and, therefore, her collection of the balance due on the War Risk policy was unlawful and that she was holding the fund as trustee for the ancillary administrator of the estate of Mrs. Whitsett.

The grounds for contending that the order of appointment of the administratrix d/b/n was void are stated by plaintiff in his brief as follows: (a) "The War Risk insurance fund herein involved became an asset of the estate of George P. Whitsett at the instant of his death and was fully administered upon by Mrs. Whitsett as executrix of his estate and the same was awarded to her by the Probate Court on the date of her final discharge on February 15, 1926"; (b) that there were no "unadministered assets of the estate discovered after such final discharge" which would give the Probate Court jurisdiction to appoint an administratrix d/b/n as provided by Sec. 47, R. S. 1939, as amended, Laws 1943, p. 306.

There are other issues raised by the pleadings and urged in the briefs, but we deem this contention, made by the plaintiff, as the first and fundamental question to be determined. Because if Mrs. Wells' appointment as administratrix d/b/n was lawful and her subsequent collection of the commuted value of the policy was proper and legal under the law governing such policies, then plaintiff cannot recover on his *present cause* of action because it is founded upon the proposition that her appointment and the collection of such fund were unlawful.

We think Sec. 514, 38 U. S. C. A. of the War Risk Insurance Act, as construed by the courts, supplies the answer to the above question. The pertinent part of that section reads:

"If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured *or survives the insured and dies prior to receiving all of the two hundred and forty installments* or all such as are payable and applicable, *there shall be paid to the estate of the insured* the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award: * * *". (Italics supplied).

In Singleton v. Cheek, 284 U. S. 493, 52 S. Ct., 257, the court discusses the War Risk Insurance Act, as originally passed, and as amended, by the Act of March 4, 1925, (which amendment is as above copied), and points out the vital change. The court states that, under Sec. 15 of the original act, at the death of the designated beneficiary, the balance due on the policy became payable to such person or persons

within the permitted class of beneficiaries as would, under the laws of the state of the residence of the insured, be entitled to his personal property in case of intestacy, but that the amendment of 1925 made a radical change and provided that upon the death of the beneficiary the remainder due on the policy *"shall be paid to the estate of the insured."* In construing the effect of the amendment, the court said (259):

"By that amendment, the rule, which, upon the happening of the contingencies named in the prior acts, limited the benefit of the unpaid installments to persons within the designated class of permittees, was abandoned, and 'the estate of the insured' was wholly substituted as the payee. All installments, whether accruing before or after the death of the beneficiary named in the certificate of insurance, as a result, became assets of the estate of the insured upon the instant of his death, to be distributed to the heirs of the insured in accordance with the intestacy laws of the state of his residence, such heirs to be determined as of the date of his death, and not as of the date of the death of the beneficiary."

Since the rendition of that opinion in 1932 all Federal and State Courts have followed the doctrine therein announced concerning the person or persons entitled to inherit any unpaid balance of a War Risk insurance policy. But we find no case which has decided the specific point presented in the instant case, which is, will the fact that Colonel Whitsett devised all his property to his wife, and his estate having been fully administered, eliminate the necessity and the propriety of appointing an adminstrator d/b/n of his estate, after the death of the beneficiary, in order to make collection of the balance due and then distribute such fund in accordance with his will. If he had left no will there would be no doubt about the necessity of the appointment of an administrator d/b/n who would make the distribution to the heirs as of the date of his death. This is clearly held in Singleton v. Cheek, supra; Gunn v. Yancey et al., 225 Mo. App. 1231, 33 S. W. (2d) 1030; Tipton v. McClary, 227 Mo. App. 460, 54 S. W. (2d) 490; State ex rel. Lankford v. Fidelity & Deposit Co. of Maryland, 232 Mo. App. 979, 123 S. W. (2d) 552; Rawlings v. Rawlings, 332 Mo. 503, 58 S. W. (2d) 735; Monzillo v. Pelosi, et al., 164 Atl. 711 (Conn.); Ferneau et al. v. Unckrich, 187 N. E. 580 (Ohio).

But the plaintiff contends that, since Colonel Whitsett devised all his property of every kind to his wife, and that his estate having been fully administered and the residue ordered delivered to her by the probate court, then the balance due would go direct to her estate at the time of her death, to be distributed to her legatees or heirs. The record discloses that this policy was not inventoried as an asset of the estate of Colonel Whitsett, or accounted for or referred to in any manner by the executrix of his estate in any settlement or proceeding in the probate court. Her final settlement showed a balance of personalty on hand of the value of $2569.10, which represented a small

amount of cash and thirteen shares of stock in the Central National Bank of Carthage, Missouri, and prayed the court to allot to her, as the sole legatee under the will, said thirteen shares of stock and cash "together with any other property belonging to the estate which by any chance may not have been mentioned." The only memorandum or entry of the probate court concerning this settlement is found on the back of the settlement, and is as follows: "Final settlement approved, judgment for balance $2569.10 and discharge on filing receipts."

We do not believe this entry had the effect of transferring to Lavina Ann Whitsett, as sole legatee, the intangible value of the policy. War Risk insurance is of a peculiar nature, and differs from an ordinary policy of insurance payable to a named beneficiary.. Under the ordinary policy, a beneficiary, who survives the insured, obtains a right to be paid the full amount of the policy; but a contract for War Risk insurance, by virtue of the statutes authorizing it, provides only for a series of monthly payments to the beneficiary while he lives—in effect, a life interest—thus leaving a *remainder* not disposed of by the original designation. After the death of the designated beneficiary this so-called remainder is, according to the statute, payable "to the estate of the insured." U. S. v. Mallery, 48 F. (2d) 6. In State ex rel. Lankford v. Fidelity and Deposit Co., supra, the Springfield Court of Appeals states the settled law on the subject as follows (556-7):

"It has been definitely determined by the courts that the distribution of the proceeds of War Risk Insurance is not made in all respects as distribution of ordinary property. By statutory enactment, it is provided that on the death of the soldier the beneficiary named in his insurance policy shall receive the monthly payments, and if all payments under the policy have not been paid to the beneficiary at the time of the beneficiary's death the balance due from the policy after the death of the beneficiary must be paid to the administrator of the estate of the dead soldier. 38 U. S. C. A. Par. 514. Many Federal Court decisions as well as decisions of our state courts have so construed this statute. Among these many decisions so holding are the following: In re Estate of Knight, 226 Mo. App. 1042, 48 S. W. (2d) 71; Tipton v. McClary, 227 Mo. App. 460; 54 S. W. (2d) 490; United States v. Mallery, 2 Cir. 48 F. 2d 6; United States v. Oliver et al., D. C. 59 F. 2d 55; Cassarello v. United States, D. C., 271 F. 486; Dowell v. United States, 5 Cir., 86 F. 2d 120, 122.

The Congress could have, and at one time did, authorize the payment to other persons, but under the amendment of 1925 it limited such payment *to the estate of the insured.* While the policy was an asset of the estate of insured at the instant of his death, it was an uncollectable asset until the death of the beneficiary and, upon this occurrence, the remainder is, by the statute, *required to be paid to the insured's* estate. When this is done it is to be distributed according to the laws

of descent and distribution if he left no will, but if he left a will, then it is to be distributed in accordance with the provision of that instrument. The making of the will did not change the proper person authorized to collect the balance due from the War Risk Administrator. It had the effect only of directing where the fund should go after it had been collected by his estate. Every case we have been able to find discussing a situation similar to the question confronting us, proceeds on the theory that it is necessary and proper to appoint an administrator d/b/n for the purpose of collecting and distributing the balance due on the policy after the death of the beneficiary. See cases cited, supra.

However, plaintiff urges that this court, in the cases of Gunn v. Yancey, and Tipton v. McClary, supra, holds to the contrary. We do not so read the opinions. All those two cases hold is that the insured may direct the *distribution* of the uncollected installments of a War Risk policy by will, but they do not hold that such a will makes it unlawful or unnecessary to appoint an administrator d/b/n for the purpose of collecting the balance due. The proper person to collect the unpaid balance is controlled by the Federal Code, Sec. 514, supra; while the person or persons entitled to the fund on *distribution* is governed by the laws of the state of insured's domicile. As stated above, if the insured leaves no will, then the fund is distributed according to the laws of descent and distribution, but if he leaves a will, then it is distributed according to the provisions of his will.

It is our conclusion that the fund of $3886 was an unadministered asset of the estate of Colonel Whitsett, and that the probate court of Jackson County was authorized to appoint an administratrix d/b/n, as provided by Sec. 47, supra; and that Mrs. Wells, as such administratrix d/b/n, lawfully collected such fund from the War Risk Administrator. It is our conclusion that when she had so collected this fund she should have paid the same to Mr. Koontz, the ancillary administrator, as soon as she could properly do so, less any necessary and proper probate costs. This she did not do. But we do not perceive how we can grant relief to the plaintiff in this proceeding, even though it be equitable, because the suit is brought against Mrs. Wells *individually* and upon the theory that her appointment as adminstratrix d/b/n was unlawful and, therefore, she had no right to collect such fund. We have held to the contrary, and are powerless to grant plaintiff relief upon an entirely different theory or cause of action than that pleaded.

Appellant Wells in her answer and brief contends that the court erred in construing the will of George P. Whitsett so as to disinherit his heirs and leave the balance of his insurance to his wife's heirs. There is no merit in this contention. The will is clear and unambiguous, and what we have already said disposes of this contention.

Appellant Wells also pleads in her counterclaim, and urges in her brief, that the order of distribution entered by the probate court on

March 4, 1941, became a final order binding upon all parties interested in this fund. That order directed that the fund, after payment of costs, be distributed, one-half to the administrator of the estate of Lavina Ann Whitsett, deceased; one-fourth to Mabelle Whitsett Wells, and one-fourth to Laura Elizabeth Julian Beall. The basis of this contention is that James A. Koontz, as ancillary administrator of the estate of Mrs. Whitsett, and who was claiming the entire fund in the probate court at the time such order was made, had no right of appeal from that order of final distribution because he was not an *aggrieved* party. In support of that contention appellant cites, In re Whitsett's Estate, supra; Wormington v. City of Monnett, 204 S. W. (2d) 264; Dillon, Admr. v. Bates, Trustee, 39 Mo. 292, and McLean v. Jaffray et al., 71 F. (2d) 743. We do not consider those cases controlling under the facts and the law in the instant case. Administrator, Koontz, was not appealing from an order of distribution entered in an estate *of which he was the administrator.* He appealed from an order of distribution in another estate which denied him the amount of recovery he sought from that estate. Sec. 283 authorizes appeals to be taken from decisions of the probate court to the circuit court on fifteen different subjects or matters, the second of which is, "on all settlements of executors and administrators; * * * fourth, on all orders directing the payments of legacies, making distribution or making allowances to the widow; * * *." The section then designates certain persons who may appeal, and provides: "* * * or other person having an interest in the estate under administration." Koontz would come within this classification. In State ex rel. St. Louis Union Trust Company v. Sartorius (Mo. Sup.), 164 S. W. (2d) 356, 358, the court said: "The great weight of authority is to the effect that an executor or administrator as such is not aggrieved or prejudiced by a decree determining the rights of the beneficiaries, and hence may not appeal. *The rule appears to be based on the acquiescence of the beneficiaries.*" (Italics supplied). In the instant case, Koontz, administrator, *was a beneficiary* in his representative capacity and claimed the entire fund in dispute and would have the right to appeal from an order of the probate court denying his claim. We hold that Koontz, administrator, had the right to appeal from the order of distribution made by the probate court on March 4, 1941. He was an *aggrieved* party. See Hammers v. Sanders, 80 S. W. 16.

But appellants contend that even though he had the right of appeal, he should have made the individual distributees, designated in the order of distribution, parties to the appeal and not merely Mabelle Whitsett Wells, administratrix. The affidavit for appeal was captioned "James A. Koontz, administrator of the estate of L. A. Whitsett, deceased, claimant, v. Mabelle Wells, (who is the same person as Mabelle Whitsett Wells), administratrix of the estate of George P. Whitsett, deceased." and recites; "Comes James A. Koontz, claimant, * * * and files herein his affidavit and prays to be permitted to ap-

peal to the circuit court of Jackson County, Missouri, *from the judgment of this court* of March 4, 1941, in issuing the order .of distribution in said estate. \* \* \* '' (Italics supplied). An appeal bond was given which recites: ''We, are held and firmly bound unto Mabelle Whitsett Wells, administratrix d/b/n of the estate of George P. Whitsett, deceased, in the sum of $100 for the payment of which we bind ourselves firmly by these presents, \* \* \* ''. Based upon this affidavit and bond, an appeal was allowed to the circuit court. The question now to be considered is, should the other distributees, Mabelle Whitsett Wells and Laura E. Julian Beall, as individuals, been made parties defendant on appeal? Our attention is not called to any statutory method or precedure for making Mrs. Wells and Mrs. Bealls parties defendant on appeal, as that term is ordinarily understood in civil procedure. We have been unable to find any statutory or judicial authority requiring or pointing out how they .could be designated defendants. Koontz, administrator, appealed from the final order or judgment of distribution. This judgment or order had been made upon the application of Mrs. Wells, administratrix, by filing her final settlement. Before she could file a final settlement she must give notice, by publication, to all parties interested in the estate, as provided by Sec. 229, and if such notice were given the judgment or order of distribution *was conclusive* on all persons claiming thereunder unless an appeal was taken. Sec. 230. We will assume that notice of final settlement was published because no contention is made to the contrary, and nothing appears in the record to the contrary. If, by giving proper notice of final settlement, all persons interested in the estate are thereby made parties to the proceedings, at least to the extent that they will be bound by the judgment unless an appeal is taken, it would seem to follow that if any person having the right of appeal does appeal from such final order of distribution, then all parties interested have notice thereof and are parties to any further proceedings without further notice. The probate court had acquired jurisdiction of the parties and the subject matter by virtue of such notice, and the circuit court acquired jurisdiction by virtue of the appeal. The fact that the case may later be docketed in the name of the appellant and the administrator or executor would not deprive other persons interested in the estate from appearing and contesting the proper distribution of the estate. The judgment of the circuit court ordering distribution on appeal would be as binding upon all parties interested as the order of the probate court would have been had no appeal been taken.

We have carefully considered the cases cited by appellants and do not consider them controlling under the facts in the instant case. Such citations are: In re Whitsett's Estate, 172 S. W. (2d) 965; McLean v. Jaffray et al., 71 F. (2d) 743; Edwards v. Holland Banking Company, 75 F. (2d) 713; Grand Island & W. E. Railroad Co. v.

Sweeney, 103 F. 352; Dillon, Admr. v. Bates, Trustee, 39 Mo. 292; Tri-State Loan & Trust Co. v. Fell et al., 156 N. E. 167. There is no merit in this contention of appellant Wells.

.It is our conclusion that the judgment of the circuit court rendered in the cause appealed from the order of the probate court of March 4, 1941, became and is a final order conclusive on all parties interested in the estate of George P. Whitsett, and should have long since been complied with by Mabelle Whitsett Wells, administratrix d/b/n. We cannot, at this time, order a compliance with that judgment because plaintiff's present suit is not founded upon that judgment.

From what we have said, it follows that the judgment herein must be reversed and the cause remanded for further proceedings, if desired, in accordance herewith.

All concur.