**SIGHTS v. UNITED STATES et al.**

**Civ. No. 3679–48.**

United States District Court
District of Columbia.

Feb. 7, 1950.

Robert C. Handwerk, Washington, D. C., Attorney for plaintiff.

George Morris Fay, United States Attorney, D. Vance Swann, Atty., Department of Justice, Washington, D. C., Howard J. Vorder Bruegge, Atty., Department of Justice, Arlington, Va., for United States of America.

Warren E. Miller, Washington, D. C., for defendant Andrew Parker Sights, Administrator.

John P. Labofish, Washington, D. C., for defendant Edna Belle Sights.

CURRAN, District Judge.

James A. Sights, Jr., hereinafter referred to as the insured, while in the military service was insured under National Service Life Insurance Policies, certificates No. FN 1 596–784, in the amount of $5,000, effective April 1, 1942, and No. N 9 153–615, in the amount of $5,000, effective February 1, 1943. On July 28, 1945 the insured converted $5,000 of his insurance to an Ordinary Life Plan policy No. V–152,508, on V.A. Form 358, and at the same time advised the Veterans Administration that he desired to retain the remaining $5,000 insurance on the Five-Year Level Premium Term Plan.

In Certificate No. FN 1 596–784, the insured designated Clara C. Sights as the principal beneficiary, described as his wife, and Edna Belle Sights, as contingent beneficiary, described as mother; and in Certificate No. N 9 153–615, he designated Edna Belle Sights as principal beneficiary, described as mother, and James Albert Sights, Sr., as contingent beneficiary, described as father. Clara C. Sights, his wife, died before October, 1945.

In a communication dated August 16, 1944 the insured cancelled all previous designations of beneficiaries and directed that in the event of his death, insurance in the amount of $10,000 should be paid to his mother, Edna Belle Sights, as principal beneficiary, and in the event of her death, to his father, James A. Sights, Sr., as contingent beneficiary.

The insured married the plaintiff herein, Ruth Glenn Sights, on October 2, 1945, and on October 12, 1945, wrote the Veterans Administration as follows: "I have recently married and want to drop all but $2,000.00 which I want on Ordinary Life. I want *these payments* to be made to my wife, Ruth Glenn Sights, in case of my death, as I want her to be my beneficiary." (Italics supplied.)

In December, 1945 the insured signed and filed in the Veterans Administration a Veterans Administration Form 357, stating he had been continuously totally disabled from April 9, 1945, because of a nervous condition and gunshot wound of the left arm and chest, and asked that premiums on his insurance, which is the subject matter of this suit, be waived under the provisions of Section 602. National Service Life Insurance Act of 1940, as amended, 38 U.S.C.A. § 802.

On December 20, 1945 the insured executed insurance Form 336 in which he cancelled all previous designations of beneficiaries and directed that in the event of his death, insurance in the amount of $2,000 should be paid to his wife, Ruth Glenn Sights, if living, and if not, to his mother, Edna Belle Sights.

In a decision of the Veterans Administration dated August 5, 1946, it was held that the insured was totally disabled from April 10, 1945 and entitled to a waiver of premiums, pursuant to the provisions of

Sec. 602(n) of the National Service Life Insurance Act of 1940, as amended. Waivers of premiums on the total amount of $10,000 were granted, effective as of May 1, 1945. In a subsequent decision rendered by the Veterans Administration on June 9, 1947, it was determined that the insured had recovered the ability to follow substantially gainful occupation, and on June 11, 1947 he was notified of the discontinuance of the waivers effective as of June 30, 1947, and informed of the necessity of resuming premium payments effective as of July 1, 1947. The insured died on July 3, 1947, on which date insurance in the total amount of $10,000 was in force.

On August 19, 1946 H. H. Milks, Director, Disability Insurance Claims Service of the United States Veterans Administration, advised the insured that a decision had been rendered holding that he was totally disabled and entitled to waiver of payment of premiums from May 1, 1945 on his National Service Life Insurance in the amount of $10,000.

On February 27, 1947 the insured wrote a letter to H. H. Milks, Director, Disability Insurance Claims Service of the Veterans Administration, referring to the aforementioned letter of August 19, 1946 and asked that this matter be expedited. On June 17, 1947 the insured addressed another letter to H. H. Milks, stating that he felt a period of ten months was sufficient time to allow the payment of the refunded payment to him and inquired as to the cause of this delay.

The plaintiff, Ruth Glenn Sights, has heretofore been awarded the proceeds of $2,000 of said insurance by the Veterans Administration, and the latter has paid plaintiff monthly installments thereunder in the sum of $924.18.

In the case of United States v. Oliver, 9 Cir., 59 F.2d 55, 56, the Court said: "The cancellation of all previous designations left the estate of the insured the beneficiary. The policy was a contract between the government and the insured, and the mother's and sister's interest vested only and was predicated upon the conditions existing between the government and the insured. The expressed stipulation of the cancellation must control; and any interest of the mother and sister rests in the estate, and vested by descent under state law. It is so stated, but not decided because not before the court, in United States v. Mallery, 2 Cir., 48 F.2d 6."

In the case of Cohn v. Cohn, 84 U.S.App. D.C. 218, 171 F.2d 828, 830, the Court stated, with reference to making a change of beneficiary: "The reasonable and, in our view, necessary proof is a writing * * *".

In Farmakis v. Farmakis, 84 U.S.App.D. C. 297, 172 F.2d 291, 292, the Court said: "We recently discussed, in Cohn v. Cohn (1948, 84 U.S.App.D.C. 218, 171 F.2d 828) the change of beneficiaries on Government Life Insurance policies. We there held that a writing is the minimum requisite to a change in the beneficiary named on such a policy, and that the regulation of the Veterans Administration to that effect is valid; but that, on account of the circumstances under which men in the service under war conditions must transact their affairs, we agreed with the decisions of other courts that the form of the writing is immaterial. We adhere to the views there expressed, including our admonition as to the proof by means of which such writings must be established and their meaning ascertained."

In Coleman v. United States, D.C.Cir., 176 F.2d 469, 471, the Court said: "In order to establish the fact that there has been a change of beneficiary, there must be evidence of an intention of the insured to change the beneficiary followed by some affirmative act of the insured having for its purpose the carrying into effect of such intention."

As of August 16, 1944 Edna Belle Sights, mother of the insured, was the principal beneficiary. When the insured married he advised the Veterans Administration on October 12, 1945, that he had married and wanted to drop all but $2,000 of his insurance and wanted "these payments" to be paid to his wife, Ruth Glenn Sights, in case of his death, as he wanted her to be the beneficiary. It is evident that this letter expressed his intention of making his wife the principal beneficiary of "these payments", and also that he was making a

238

change in the amount of his insurance. When he changed the amount of his insurance, in using Form 336, he stated that he cancelled all previous designations of beneficiaries and directed that his insurance in the amount of $2,000 be paid from and after his death to his wife, as principal beneficiary, and to his mother as contingent beneficiary.

Later when he was informed that the Veterans Administration considered him totally disabled and waived the premiums on $10,000 of insurance as of May 1, 1945, he did nothing to indicate whom he desired as his beneficiary for the remaining $8,000. He was fully aware that his wife was beneficiary of $2,000 of the insurance, and if he had desired her to be beneficiary of the remainder he could have so designated. He had already cancelled a previous designation of his mother as principal beneficiary and he did nothing to indicate that he desired his mother to be the principal beneficiary of the remaining $8,000.

The execution of Form 336 on December 20, 1945 cancelled the designation of the beneficiary in favor of the mother, and the insured having failed to designate either his wife or his mother as principal beneficiary for the remaining $8,000 of his National Service Life Insurance, it follows that the remaining $8,000 is payable to the estate of the insured, under the provisions of Title 38 U.S.C.A. § 802(u) of the Insurance Act of 1946, which provides:

"* * * and in any case in which no beneficiary is designated by the insured, or the designated beneficiary does not survive the insured, or a designated beneficiary not entitled to a lump-sum settlement survives the insured, and dies before receiving all the benefits due and payable, the commuted value of the remaining unpaid insurance * * * shall be paid in one sum to the estate of the insured: * * *"

Judgment in the amount of $8,000 will be entered in favor of Andrew Parker Sights, Administrator of the Estate of James A. Sights, Jr., deceased. The findings of fact and conclusions of law having been stated in this opinion, no formal findings and conclusions will be necessary. Counsel for the Administrator will prepare the proper order not inconsistent with this opinion.